783 F.2d 450
 58 A.F.T.R.2d 86-5779, 86-2 USTC P 9751
 UNITED STATES of America, Appellee,
v.
(UNDER SEAL), Appellant.
In re GRAND JURY 78-3 (John DOE NO. 218), Dr. Murdock Head,
Airlie Trust, Airlie Foundation, and Raven's Hollow, Ltd.
 No. 85-1121.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 7, 1985.
Decided Feb. 7, 1986.
Rehearing and Rehearing En Banc Denied March 24, 1986.
 
 Mitchell Rogovin, Washington, D.C. (Frank W. Dunham, Jr., Arlington, Va., on brief) for appellant.
 William A. Whitledge, Washington, D.C. (Kenneth E. Melson, Asst. U.S. Atty., Arlington, Va., Michael L. Paup, Chief, Appellate Section, Glenn L. Archer, Jr., Asst. Atty. Gen., Robert E. Lindsay, Tax Div., U.S. Dept. of Justice, Washington, D.C. on brief) for appellee.
 Before K.K. HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 K.K. HALL, Circuit Judge:
 
 
 1
 Dr. Murdock Head and several business entities controlled by him, Airlie Foundation, Airlie Trust, and Raven's Hollow, Ltd., (the "taxpayers") appeal from the district court's order denying their motion to vacate a previous order which authorized disclosure of grand jury material to the Internal Revenue Service (the "IRS"). We affirm.
 
 I.
 
 2
 In 1978, a federal grand jury began an investigation of the taxpayers. The grand jury issued numerous subpoenas for testimony and documents. In addition, documents were produced voluntarily by the taxpayers pursuant to an agreement with the government that the documents would be treated as if subpoenaed. The investigation resulted in a thirteen-count indictment against Dr. Head, who was subsequently convicted of conspiracy to commit the offenses of bribery and tax evasion as well as a substantive illegal gratuity offense.[1]
 
 
 3
 In connection with the trial of Dr. Head, the government, in November, 1979, filed a motion in district court under Fed.R.Crim.P. 6(e),[2] requesting permission to disclose to the IRS various grand jury materials gathered during the investigation of the taxpayers. The government sought the materials in order to determine whether the taxpayers had any civil tax liability and to determine whether Airlie Foundation's tax-exempt status should be revoked.
 
 
 4
 On December 4, 1979, the district court granted the government's motion. The government subsequently requested clarification of the district court's order, because it did not clearly permit the disclosure of all of the materials requested. Accordingly, the district court issued an order permitting the disclosure of the books, records, and documents obtained by the grand jury; transcripts of the testimony of grand jury witnesses; and reports prepared by IRS agents which had been sought in the government's original motion.
 
 
 5
 Thereafter, the IRS assessed civil tax deficiencies against Dr. Head, Raven's Hollow, Ltd., and Airlie Trust. In September, 1980, the taxpayers petitioned the Tax Court for redetermination of those deficiencies. On December 15, 1980, Airlie Foundation (the "Foundation") was notified that administrative proceedings would be initiated by a request for technical advice from the National Office of the IRS to determine whether to revoke the Foundation's tax-exempt status retroactively to its inception.[3] In preparation for their Tax Court case and the administrative proceedings, the taxpayers were given access to all of the grand jury material.
 
 
 6
 On June 30, 1983, after the Tax Court and administrative proceedings had begun, the United States Supreme Court decided United States v. Sells Engineering Co., 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and United States v. Baggot, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983). Those decisions limited the disclosure of grand jury material for use in civil litigation, including civil tax audits. The Tax Court and administrative proceedings in the instant case were held in abeyance while the IRS considered the impact of Sells and Baggot.
 
 
 7
 On September 11, 1984, the Tax Court held in Kluger v. Commissioner, 83 T.C. 309 (1984), that Baggot and Sells should not be applied retroactively, and it refused to suppress grand jury material obtained by the IRS under a Rule 6(e) order entered before Sells and Baggot were decided. Following the Kluger decision, the IRS began to prepare the instant Tax Court cases for trial and to review the technical advice request regarding the Foundation.
 
 
 8
 Subsequently, on December 18, 1984, the taxpayers filed a motion to vacate the district court's December 4, 1979, Rule 6(e) order. The district court found that the government had relied in good faith on the Rule 6(e) order, and that the IRS had been using the materials for over four years. The court concluded that Sells and Baggot should not be applied retroactively, and it denied the taxpayers' motion.
 
 
 9
 The taxpayers appeal.
 
 II.
 
 10
 In Sells, the Supreme Court held that Rule 6(e) requires government attorneys other than prosecutors to make a showing of particularized need for grand jury material before any disclosure will be permitted for use in civil litigation. 103 S.Ct. at 3147-48. The Supreme Court held in Baggot that the IRS is not entitled to disclosure of grand jury material for use in civil tax audits. 103 S.Ct. at 3167. The Court in Baggot reasoned that:
 
 
 11
 [I]t is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge. The focus is on the actual use to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under [Rule 6(e)(3) ](C)(i) is not permitted.
 
 
 12
 Id.
 
 
 13
 On appeal in this case, the taxpayers initially assert that "disclosure" and "use" are synonymous, and that each time grand jury material is "used" it is "disclosed." They contend that because the government has not made a showing of particularized need as required under Sells, the government's post-Sells use of the grand jury material, and any such future use, violates Rule 6(e). The taxpayers also claim that because the purpose of the pending proceeding against Airlie Foundation is to determine its tax-exempt status in an administrative, as opposed to a judicial, context, further use of the disclosed material would violate Rule 6(e). On these bases, appellants seek an order restraining such future use and finding that the use of grand jury materials which has occurred since Sells and Baggot violated Rule 6(e). The taxpayers further argue that whether Sells and Baggot are to be applied retroactively is irrelevant. However, appellants maintain that if retroactivity is relevant, Sells and Baggot should be applied retroactively. We conclude that the Rule 6(e) order here was valid and that Sells and Baggot do not have retroactive application in this case. In light of this holding, we do not address the taxpayers' first claim that use is synonymous with disclosure.[4] We disagree with each of appellants' remaining contentions.
 
 
 14
 We find that the Supreme Court's decisions in Sells and Baggot did not invalidate the district court's Rule 6(e) order in this case. The Supreme Court did not hold, as the taxpayers argue, that any use of the grand jury material after the date Sells and Baggot were decided is per se unlawful. Rather, the Supreme Court addressed only the standards that a court must follow in authorizing, in the first instance, disclosures of grand jury materials under Rule 6(e). Sells and Baggot affirmed lower court refusals to authorize disclosures under Rule 6(e), but neither decision purported to invalidate all outstanding Rule 6(e) orders that were inconsistent with the holdings they announced.
 
 
 15
 The grand jury material at issue here was disclosed to the IRS pursuant to a valid pre-Baggot and pre-Sells Rule 6(e) order. Thus, unless Baggot and Sells apply retroactively to invalidate that order, the continued use of that grand jury material does not violate Rule 6(e). We find that retroactive application of Sells and Baggot in this case is not appropriate.
 
 
 16
 In Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court announced a three-part test for determining whether a decision should be given retroactive effect. Under that test, the factors to be considered are: (1) whether the decision establishes a new principle of law; (2) whether retroactive application will further or retard the rule in question; and (3) whether retroactive application will be inequitable. 404 U.S. at 106-07, 92 S.Ct. at 355.
 
 
 17
 Applying the first prong of the Chevron test, we find that before the Supreme Court's decision in Sells, there was no requirement that a showing of particularized need be made in order to disclose grand jury material to the IRS for civil use pursuant to Rule 6(e). Nor was it a clear rule of law that grand jury material could not be disclosed for use in civil tax audits before the Supreme Court's decision in Baggot. For example, the Eighth Circuit had held that disclosure of grand jury material to the IRS for use in civil tax audits was proper under Rule 6(e). In Re Judge Elmo B. Hunter's Special Grand Jury, 667 F.2d 724 (8th Cir.1981). The Seventh Circuit, over a vigorous dissent, had held otherwise. In Re Special February, 1975 Grand Jury (Baggot ), 662 F.2d 1232 (7th Cir.1981). Under these facts, we find that Sells and Baggot established new rules regarding disclosures under Rule 6(e), and that under the first factor of the Chevron test retroactivity is not appropriate. See Brown v. Mitchell, 598 F.2d 835, 837-39 (4th Cir.1979), cert. denied, 449 U.S. 1123, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981).
 
 
 18
 Likewise, we conclude that the second and third Chevron factors weigh against retroactive application of Sells and Baggot. The purpose of Rule 6(e) is to protect the secrecy of grand jury proceedings. It was not intended to cloak individuals under investigation in a protective mantle of concealment. In this case, much of the grand jury material has already been disclosed to the public via the criminal case, and all of it has been disclosed to the taxpayers in preparation for their Tax Court case and the administrative proceedings. Where full disclosure, as here, has occurred, retroactive application of Sells and Baggot would not further the grand jury secrecy interests of Rule 6(e). In addition, retroactive application could impose an unjustified shield to appellants' tax liabilities--a result which would be clearly inequitable. Therefore, we hold that Sells and Baggot do not apply retroactively so as to prohibit the use of grand jury material which was fully disclosed pursuant to a valid Rule 6(e) order before those cases were decided.
 
 
 19
 On the basis of the foregoing, the judgment of the district court is affirmed.
 
 
 20
 AFFIRMED.
 
 BUTZNER, Senior Circuit Judge, dissenting:
 
 21
 Although United States v. Sells, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and United States v. Baggot, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983), do not retroactively invalidate a prior disclosure order entered pursuant to Fed.R.Crim.P. 6(e), the government is not entitled to continued access to the grand jury materials after the Supreme Court's decisions in Sells and Baggot without showing a particularized need for the material. See Thorpe v. Housing Authority, 393 U.S. 268, 281, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1968) (an appellate court must apply the law in effect at the time it renders its decision).
 
 
 22
 The government's continued access to the grand jury materials violates the policy of protecting grand jury secrecy acknowledged by the Supreme Court in Sells, 103 S.Ct. at 3138 n. 6:
 
 
 23
 Each day this order remains effective the veil of secrecy is lifted higher by disclosure to additional personnel and by the continued access of those to whom the materials have already been disclosed. We cannot restore the secrecy that has already been lost but we can grant partial relief by preventing further disclosure. Quoting In re Grand Jury Investigation (Sells, Inc.), 642 F.2d 1184, 1188 (9th Cir.1981).
 
 
 24
 The government's continued access to the grand jury materials after a change in the applicable law constitutes disclosure that is subject to the requirements of Sells and Baggot. In re Grand Jury Investigation, 774 F.2d 34, 40-42 (2d Cir.1985). See also In re Sells, 719 F.2d 985, 990-92 (9th Cir.1983).
 
 
 25
 It is prospective application of Sells and Baggot to disclosures occurring after the cases were decided that entitles the appellants to relief. Instead of affirming the district court, I would remand the case with directions to prohibit further disclosure of the grand jury material in pending civil and administrative proceedings unless the government shows a particularized need.
 
 
 
 [1]
 Dr. Head's original conspiracy conviction was reversed by this Court in United States v. Head, 641 F.2d 174 (4th Cir.1981). Upon retrial, Dr. Head was again convicted on the conspiracy count and also of the substantive illegal gratuity offense. That conviction was affirmed. United States v. Head, 697 F.2d 1200 (4th Cir.1982)
 
 
 [2]
 Rule 6(e)(3) provides, in pertinent part, that:
 (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made--
 (i) when so directed by a court preliminarily to or in connection with a judicial proceeding;
 
 
 [3]
 A technical advice request is the means by which an IRS District Director may seek from the National Office of the IRS a determination of, inter alia, whether an organization is entitled to exempt status. See 26 C.F.R. Sec. 601.201(n)(9)(iii)(a) (1984); Rev.Proc. 83-2. After the taxpayer is given an opportunity to respond to the request in writing, and an opportunity for a conference, the National Office issues a technical advice memorandum. This memorandum constitutes the IRS's determination of the legal issues regarding the exempt status of the organization
 
 
 [4]
 Appellants' reliance upon In Re Grand Jury Investigation, 774 F.2d 34 (2d Cir.1985), is misplaced. In that case, the Second Circuit, having found the Rule 6(e) order itself to be invalid, stated that continued access to the grand jury material constituted "disclosure." Such is not the situation in the instant case. Here, the grand jury material was disclosed pursuant to a valid Rule 6(e) order. Thus, we need not reach the issue of whether continued use of that material constitutes further disclosure