## In re GRAND JURY PROCEEDINGS (Henry KLUGER, Deceased).

### No. 86 Misc. 0121.

United States District Court, E.D. New York.

April 14, 1986.

Richard Ware Levitt, New York City, Stanley P. Kaplan, Miami, Fla., for petitioner.

Roger M. Olsen, Acting Asst. Atty. Gen., U.S. Dept. of Justice, Tax Div. (Joy L. Pritts, of counsel), Washington, D.C., for respondent.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In this proceeding the Estate of Henry Kluger, deceased, seeks an Order (a) vacating this Court's [Bramwell, J.] Order dated March 29, 1983, which authorized the release of grand jury materials to the Internal Revenue Service pursuant to Federal Rules of Criminal Procedure 6(e)(3)(C)(i); (b) requiring the return of all documents released under that Order; and (c) prohibiting further use of the fruits of that Order in pending civil litigation.

### Facts

In 1981, a grand jury in this District was investigating whether Henry Kluger and others had violated the federal narcotics laws and the criminal tax laws. Kluger died on February 27, 1982. Hence, all criminal proceedings against him were terminated.

On March 29, 1983, in accordance with then-existing principles of law, the Honorable Henry Bramwell, United States District Judge of this District, granted the government's *ex parte* application under Rule 6(e) authorizing disclosure to the Internal Revenue Service ("IRS") of certain grand jury materials "for the purposes of determining, establishing, assessing and collecting the Federal civil tax liability of Henry Kluger and his heirs, and for use in any judicial proceeding related thereto."

Approximately three months later, however, the Supreme Court decided the cases of *United States v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983) and *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). In *Sells*, the Court held that Rule 6(e) requires government attorneys other than prosecutors to make a showing of particularized need for grand jury materials before any disclosure will be permitted

for use in civil litigation. *Sells, supra,* 463 U.S. at 446, 103 S.Ct. at 3149. In *Baggot,* the Court held that Rule 6(e) does not authorize disclosure of grand jury materials for use in civil tax audits, since an IRS audit is not preliminary to or in connection with a judicial proceeding. *Baggot, supra,* 463 U.S. at 480, 103 S.Ct. at 3167.

Petitioner argues that *Baggot* and *Sells* apply retroactively to invalidate Judge Bramwell's Rule 6(e) Order. Alternatively, petitioner contends that the Supreme Court's decisions proscribe future disclosures of the grand jury materials in the course of pending civil litigation in the Southern District of Florida and in the Tax Court. *See United States v. Estate of Kluger,* 84 CV 0071 (S.D.Fla); *Estate of Kluger v. Commissioner,* No. 83–26583 (U.S.T.C.).

The government concedes that *Baggot* and *Sells* now preclude it from obtaining the type of Rule 6(e) Order entered in this case. The government argues, however, that those decisions do not apply retroactively to invalidate this Court's Order, and thus, that the IRS's continued use of the materials is entirely proper.

#### Discussion

Several courts, applying the factors set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971), have held that *Baggot* and *Sells* should not be applied retroactively to invalidate a prior Rule 6(e) Order. *See United States v. (Under Seal),* 783 F.2d 450, 453 (4th Cir.1986); *Kluger v. Comm. of Internal Revenue,* 83 T.C. 309, 335 (1984). I agree.

The more difficult question remains, however, whether, in light of *Baggot* and *Sells,* this Court should enter a curative Order preventing the government's continued access and further disclosure of the grand jury materials. In addressing a mootness argument in *Sells,* the Supreme Court observed the following:

Each day this order remains effective the veil of secrecy is lifted higher by disclosure to additional personnel and by the continued access of those to whom the

materials have already been disclosed. We cannot restore the secrecy that has already been lost but we can grant partial relief by preventing further disclosure.

*Sells, supra,* 463 U.S. at 422–23 n. 6, 103 S.Ct. at 3137 n. 6 (quoting *In re Grand Jury Investigation No. 78–184 (Sells, Inc.),* 642 F.2d 1184, 1188 (9th Cir.1982)). The Court's observations appear equally applicable to this application wherein the Court is called upon to examine the effect of one of its own Orders. *See DiVivo v. Egger,* 601 F.Supp. 1259, 1263 (D.Md.1984).

Concededly, the Supreme Court did not hold that any use of the grand jury material after the date *Baggot* and *Sells* were decided is *per se* unlawful. *See United States v. (Under Seal), supra,* 783 F.2d at 453. Indeed, at least one court has refused to grant the relief sought herein where the IRS obtained materials in good faith reliance upon a facially valid Rule 6(e) order. *See Gluck v. United States,* 771 F.2d 750, 757 (3d Cir.1985).

Nonetheless, it appears that the better approach is to prohibit further disclosure of the grand jury material in pending civil proceedings unless the government shows a particularized need for the materials. *See In re Sells,* 719 F.2d 985, 992 (9th Cir.1983); *DiVivo v. Egger, supra,* 601 F.Supp. at 1267. *See also United States v. (Under Seal), supra,* 783 F.2d at 454 (Butzner, C.J., dissenting).

The Second Circuit has noted in a similar context that continued access to materials is equivalent to further "disclosure." *See In re Grand Jury Investigation,* 774 F.2d 34, 40, 42 (2d Cir.1985). As such, the rationale underlying *Baggot* and *Sells* suggests that this Court should issue an appropriate curative order requiring the government to justify further disclosure.

Accordingly, this Court finds that to justify disclosure in pending civil litigation, "the government must show that, absent disclosure, injustice will occur in the contemplated proceeding, as well as proof 'that the need for disclosure is greater than the need for continued secrecy, and that

their request is structured to cover only material so needed.'" *In re Sells, supra,* 719 F.2d at 991 (citations omitted).

The question remains whether the required showing should be made to this Court or to the Courts supervising the pending litigation. The Supreme Court has addressed the point:

[I]n general, requests for disclosure of grand jury transcripts should be directed to the court that supervised the grand jury's activities.

It does not follow, however, that in every case the court in which the grand jury sat should make the final decision whether a request for disclosure under Rule 6(e) should be granted. Where, as in this case, the request is made for use in a case pending in another district, the judges of the court having custody of the grand jury transcripts will have no first-hand knowledge of the litigation in which the transcripts allegedly are needed, and no practical means by which such knowledge can be obtained. In such a case, a judge in the district of the grand jury cannot weigh in an informed manner the need for disclosure against the need for maintaining grand jury secrecy. Thus, it may well be impossible for that court to apply the standard required by the decisions of this Court ... for determining whether the veil of secrecy should be lifted.

*Douglas Oil Co. of California v. Petrol Stops Northwest,* 441 U.S. 211, 226, 99 S.Ct. 1667, 1676, 60 L.Ed.2d 156 (1979).

In an effort to avoid unnecessary delay in the related civil proceedings, this Court finds that the government should submit the requisite particularization to the courts where those cases are pending.

Accordingly, the application for a prohibition of further disclosure is granted, without prejudice to the government's right to apply for further disclosure in accordance with this Opinion. In all other respects, the motion is denied.

SO ORDERED.