DEBRA KLUGER, PETITIONER v. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket Nos. 26124-83, 33649-83.     Filed December 5, 1988.

*David M. Kohane* and *Robert S. Fink,* for the petitioner.
*Sergio Garcia-Pages,* for the respondent.
*Stanley P. Kaplan* (specially recognized), for the Estate of
Henry Kluger.

OPINION

WILLIAMS, *Judge:* The Commissioner determined deficien-
cies in Federal income tax against petitioner and the Estate
of Henry Kluger and additions to tax for fraud against the
Estate of Henry Kluger as follows:[1]

---

[1] Respondent issued two notices of deficiency to petitioner and the Estate of Henry Kluger.
The first, issued June 15, 1983, determined a deficiency and an addition to tax for the taxable

| Year | Deficiency | Addition to tax sec. 6653(b)[2] |
|------|-----------|-------------------------------|
| 1977 | $18,653.00 | $9,326.50 |
| 1978 | 155,617.00 | 77,808.50 |
| 1979 | 769,769.34 | 384,884.67 |
| 1980 | 164,585.00 | 82,292.50 |

While petitioner's liability for the determined deficiencies and the estate's liability for the deficiency and addition to tax for fraud for 1979 are at issue in this Court, the tax liability of the Estate of Henry Kluger for all of the years besides 1979 is the subject of separate proceedings in the U.S. District Court for the Southern District of Florida. We must decide two issues: (1) Whether the deficiency notice that is the subject of the petition at docket No. 33649-83 is invalid for having been based on grand jury materials contrary to the Supreme Court's holdings in *Baggot*[3] and *Sells;*[4] and (2) what use of grand jury materials, copies, and fruits of such materials respondent may make in demonstrating particularized need to obtain the right to disclose in trial preparation and at trial such materials. The materials were gathered or developed during a grand jury probe of alleged drug trafficking by Henry Kluger and others.

The facts are not in dispute. Petitioner Debra Kluger resided at New York, New York, when she filed her petitions in these cases. Petitioner is the surviving widow of Henry Kluger (Kluger), who was murdered in Florida on February 27, 1982.

## Procedural Background

In 1981, a Federal grand jury within the jurisdiction of the U.S. District Court for the Eastern District of New York (the Eastern District of New York) commenced an investigation of an alleged multimillion dollar drug trafficking operation involving several individuals, including Kluger. The grand jury subpoenaed books, records, and other documents in the course of its investigation and heard

year 1979 (docket No. 26124-83). The second, issued Oct. 3, 1983, determined deficiencies and additions to tax for the taxable years 1977, 1978, and 1980 (docket No. 33649-83).

[2] All section references are to the Internal Revenue Code of 1954 as in effect during the years in issue.

[3] *United States v. Baggot,* 463 U.S. 476 (1983).

[4] *United States v. Sells Engineering, Inc.,* 463 U.S. 418 (1983).

testimony from numerous witnesses. After Kluger's death, the criminal proceedings were terminated as to him.

On March 29, 1983, an assistant U.S. attorney applied ex parte to the Eastern District of New York under rule 6(e)(3)(C)(i) [5] of the Federal Rules of Criminal Procedure (rule 6(e)) for an order authorizing disclosure of the grand jury materials to respondent "for the purpose of determining, establishing, assessing and collecting the Federal civil tax liabilities of HENRY KLUGER and his heirs, and for use in any judicial proceeding related thereto." The same day, Judge Henry Bramwell granted the motion by order (the rule 6(e) order) providing in relevant part as follows:

> the United States Attorney for the Eastern District of New York is hereby authorized to make available to agents of the Internal Revenue Service all books, records and documents subpoenaed by or presented to the Grand Jury pertaining to [Henry Kluger] and the transcripts of testimony presented to the Grand Jury in that connection for purposes of determining, establishing, assessing and collecting the Federal civil tax liability of Henry Kluger and his heirs, and for use in any judicial proceeding relating thereto.

Based solely on information obtained from the grand jury, on June 15, 1983, respondent issued a notice of deficiency to petitioner, individually, and as the surviving wife of

---

[5] All rule references are to the Federal Rules of Criminal Procedure unless otherwise specified.

Rule 6(e) provides in relevant part:

(e) Recording and Disclosure of Proceedings.

\*     \*     \*     \*     \*     \*     \*

(2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

(3) Exceptions.

\*     \*     \*     \*     \*     \*     \*

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding.

\*     \*     \*     \*     \*     \*     \*

(D) A petition for disclosure pursuant to subdivision (e)(3)(C)(i) shall be filed in the district where the grand jury convened. Unless the hearing is ex parte, which it may be when the petitioner is the government, the petitioner shall serve written notice of the petition upon (i) the attorney for the government, (ii) the parties to the judicial proceeding if isclosure is sought in connection with such a proceeding, and (iii) such other persons as the court may direct. The court shall afford those persons a reasonable opportunity to appear and be heard.

Kluger, for the taxable year 1979. Also, solely on the basis of information obtained from the grand jury, on October 3, 1983, respondent issued a notice of deficiency to petitioner, individually, and as the surviving wife of Kluger, for the taxable years 1977, 1978, and 1980. The basis for the deficiencies was alleged unreported income from drug trafficking.

On June 30, 1983, subsequent to the issuance of the rule 6(e) order and the deficiency notice for the taxable year 1979, but before the issuance of the deficiency notice for 1977, 1978, and 1980, the Supreme Court decided two cases interpreting the requirements of rule 6(e). In *United States v. Baggot,* 463 U.S. 476 (1983), the Court held that a civil tax audit is not "preliminar[y] to or in connection with a judicial proceeding" within the meaning of rule 6(e)(3)(C)(i). Consequently, disclosure is not permitted under rule 6(e) for purposes of a civil tax audit even if the results of that audit lead to litigation, because the audit determines a tax liability administratively, and is not necessarily preliminary to litigation. In *United States v. Sells Engineering, Inc.,* 463 U.S. 418 (1983), the Court held that rule 6(e) was not intended to grant access to grand jury materials to attorneys other than those involved in the criminal investigation to which the grand jury materials pertained. The Court held that attorneys in the Civil Division of the Justice Department could not obtain disclosure of grand jury materials without first obtaining a court order under rule 6(e)(3)(C)(i), which would be granted only upon a showing of particularized need for the information.

While the litigation involving petitioner has been pending before this Court, the Estate of Henry Kluger (the estate) has been litigating separate cases based on the same deficiency notices in this Court (for the year 1979) and in the U.S. District Court for the Southern District of Florida (the Southern District of Florida) (for the years 1977, 1978, and 1980). In addition, the estate has litigated the scope and continued validity of the rule 6(e) order in the Eastern District of New York, because that Court issued the order, and in the U.S. Court of Appeals for the Second Circuit.

In March 1986, the estate filed a motion in the Eastern District of New York to vacate or modify the rule 6(e) order

on the ground that the disclosures of grand jury material violated *Baggot* and *Sells.* Judge McLaughlin issued an opinion on April 14, 1986, ruling that *Baggot* and *Sells* should be applied prospectively and modifying the rule 6(e) order to forbid any "further disclosure of the grand jury material in the pending civil proceeding unless the government shows a particularized need for the materials" in the courts in which it seeks to use them. *In re Grand Jury Proceedings (Henry Kluger, Deceased),* 631 F. Supp. 1542, 1543 (E.D.N.Y. 1986) modified by unpublished opinion (Nov. 14, 1986), affd. as modified 827 F.2d 868 (2d Cir. 1987).

The Government appealed to the Second Circuit, which remanded the case for clarification of the scope of the District Court's order. On remand, Judge McLaughlin clarified his previous modification of the rule 6(e) order as follows in an unpublished opinion dated November 14, 1986:

(1) The Court's prohibition of disclosure applies to the copies and fruits of the grand jury materials. Such a prohibition is necessary to prevent the "veil of secrecy" that surrounds the grand jury materials from being lifted higher than it already has been. [Citations omitted.]

(2) The Order does not require a showing of particularized need when the Government seeks to authenticate copies of the grand jury materials by showing *in camera* the original materials to the trial judge before whom the copies are sought to be introduced.

The Government's appeal was reinstated following the clarification. On August 26, 1987, the Second Circuit affirmed Judge McLaughlin's order as modified. *In re Grand Jury Proceedings (Henry Kluger, Deceased),* 827 F.2d 868 (2d Cir. 1987). The Government must, therefore, show particularized need to disclose grand jury materials, copies, or fruits of the materials in the litigation in this Court and in the Southern District of Florida, except for in camera disclosures to authenticate copies obtained from sources independent of the grand jury. The Second Circuit held,

We are unable to conclude that Judge McLaughlin's order transgressed the limits of his discretion. Therefore, we do not disturb that portion of the modifying order conditioning further disclosure of the materials on a showing of particularized need. Assuming, as the government contends, that *Sells* and *Baggot* are not to be applied retroactively to invalidate any disclosure already made, we conclude that Judge McLaughlin had discretion to determine that the order originally issued by Judge

Bramwell should no longer have prospective effect. [827 F.2d at 874. Fn. ref. and citations omitted.]

In the litigation in the Southern District of Florida, the Government issued subpoenas to third parties seeking copies of documents the originals of which were presented to the grand jury. Counsel for the estate[6] has advised us that Judge Scott of the Southern District of Florida has stayed all of the subpoenas until the Government can show particularized need for the grand jury materials. We do not have a copy of Judge Scott's order, but it appears from the estate's representations that the Southern District of Florida has interpreted the Eastern District of New York's modification of the rule 6(e) order to preclude respondent from issuing subpoenas to third parties unless he can show a source independent of the grand jury from which he learned of the third parties and the documents sought.

By order dated September 28, 1987, we consolidated these cases for trial, briefing, and opinion. A hearing was held on April 19, 1988, at which we were to decide whether respondent had established a particularized need to justify disclosure of the grand jury materials in preparing for trial. The parties disputed what actions respondent could take to establish particularized need, and we requested that the parties brief the issue. On September 12, 1988, petitioner filed her motion to dismiss for lack of jurisdiction the case at docket No. 33649-83. Respondent filed his objection on September 13, 1988.

### Jurisdictional Issue

We first consider petitioner's motion to dismiss the case at docket No. 33649-83, contesting deficiencies determined for the taxable years 1977, 1978, and 1980. Petitioner argues that the notice of deficiency on the basis of which the petition was filed is invalid because it was issued after the Supreme Court entered its decisions in *Baggot* and *Sells* and was based on grand jury information obtained pursuant to the original rule 6(e) order which the parties agree does not satisfy the standards of *Baggot* and *Sells*.

---

[6]Stanley P. Kaplan represents the estate in the litigation arising from the deficiency notices and is also the executor of the estate. Kaplan appeared and was specially recognized at our hearing in this case held at New York, New York, on Apr. 19, 1988. Kaplan has submitted briefs setting forth the Estate's position on the issue before us.

Respondent concedes that he used grand jury materials obtained pursuant to the pre-*Baggot* and *Sells* rule 6(e) order to determine the deficiencies set forth in the statutory notice of deficiency issued for 1977, 1978, and 1980 (docket No. 33649-83). He argues that although the deficiency notice was issued after *Baggot* and *Sells* and was based on information obtained pursuant to a rule 6(e) order not satisfying the standards of those cases, it is nonetheless valid. Respondent contends that he was entitled to continue to use grand jury materials obtained pursuant to the rule 6(e) order issued March 29, 1983, until that order was first modified on April 14, 1986.

For petitioner's 1979 taxable year (docket No. 26124-83), we previously held that the decisions of the Supreme Court in *Baggot* and *Sells* would not be applied retroactively to invalidate final rule 6(e) orders under collateral attack in this Court. *Kluger v. Commissioner*, 83 T.C. 309, 335 (1984) (*Kluger I*). Consequently, the deficiency notice issued for the taxable year 1979 before the *Baggot* and *Sells* decisions were issued remains valid. In *Kluger I*, we did not consider whether a deficiency notice, issued after *Baggot* and *Sells* were decided and based on a pre-*Baggot* and *Sells* rule 6(e) order, is valid.

In *Hajecate v. Commissioner*, 90 T.C. 280 (1988), all but one of 12 deficiency notices were issued prior to the Supreme Court's decisions in *Baggot* and *Sells*. We held, relying on *Kluger I,* that the notices issued prior to *Baggot* and *Sells* were valid. We also held, without considering the issue now before us, that the deficiency notice issued after *Baggot* and *Sells* was valid. We reasoned that we did not know the source of the information on which the statutory notice was based and that respondent no longer had access to the grand jury materials at the time he issued the notice. Further, petitioner did not argue that the deficiency notice was invalid. *Hajecate v. Commissioner*, 90 T.C. at 288 n. 13.

Subsequent to *Baggot* and *Sells,* a bar has been imposed on the disclosure of grand jury materials obtained pursuant to a rule 6(e) order not conforming to the standards of those cases. In this case, however, the Eastern District of New York has sanctioned the use of grand jury materials prior to its modification of the rule 6(e) order in 1986.

Aside from ordering measures to prevent additional disclosures, the primary remedy for an unlawful disclosure of grand jury information is prosecution for contempt of court. Rule 6(e)(C)(2). The Eastern District of New York, which issued the original rule 6(e) order, would be the appropriate court to try any contempt charges for disclosing grand jury materials. No charges have been brought. Instead, in modifying the rule 6(e) order on April 14, 1986, the District Court barred only "further disclosure of the grand jury material in the pending civil proceeding unless the Government shows a particularized need for the materials." *In re Grand Jury Proceedings (Henry Kluger, Deceased)*, 631 F. Supp. at 1543. The court noted, quoting *Sells*, that it could not restore the secrecy already lost through disclosures, but could grant partial relief by preventing further disclosures. The Second Circuit, after remanding the case for clarification of the District Court's modification of the rule 6(e) order, affirmed. *In re Grand Jury Proceedings (Henry Kluger, Deceased)*, 827 F.2d 868 (2d Cir. 1987).

When the Eastern District of New York and the Second Circuit issued their decisions, they had before them the cases against the estate for both the taxable year 1979 and the taxable years 1977, 1978, and 1980. The courts were thus aware of when the deficiency notices were issued and of their substance. See *In re Grand Jury Proceedings (Henry Kluger, Deceased)*, 827 F.2d at 870. Nevertheless, neither court commented on any potential additional continuing disclosure that might be caused by the publication of the deficiency notices. We note that neither deficiency notice on its face reveals the nature of the grand jury deliberations or the extent or scope of its inquiry. We conclude that the Eastern District of New York implicitly approved the use of grand jury materials to prepare the deficiency notice at docket No. 33649-83. Consequently, we hold that the deficiency notice issued for the taxable years 1977, 1978, and 1980 is valid. Petitioner's motion to dismiss the case at docket No. 33649-83 will be denied.

Petitioner argues, in the alternative, that the burden of proof should be shifted to respondent because the notice of deficiency lacks evidentiary support. Since the burden of

proof in this Court once placed upon a party by statute never shifts, we will deem petitioner's argument to be directed instead toward shifting to respondent the burden of going forward with the evidence. See *United States v. Janis,* 428 U.S. 433 (1976). The basis for petitioner's contention is that because the grand jury materials and evidence derived therefrom cannot be disclosed, respondent has no proper basis on which to determine deficiencies. The result, in petitioner's view, is an arbitrary, so-called "naked assessment." Under other circumstances, courts have shifted to respondent the burden of going forward with evidence to support "naked assessment" deficiency determinations. See *United States v. Janis, supra* at 441. We have found, however, that the Eastern District of New York implicitly sanctioned respondent's use of the grand jury materials to determine deficiencies for 1977, 1978, and 1980. So grounded, the deficiency notice is not arbitrary, and we will not shift the burden of going forward.

## Particularized Need

We next consider what actions respondent may take to establish particularized need for the grand jury materials. Petitioner argues that respondent may not review grand jury materials to identify and subpoena witnesses in attempting to establish particularized need for the grand jury materials. Instead, she contends that respondent may review only such documents, present only such arguments, and use only such evidence as he would have at his disposal absent the original rule 6(e) order. Petitioner's position is based on her reading of the Eastern District of New York's modification of the rule 6(e) order dated November 14, 1986, clarifying that the Court's prohibition of disclosure extends to copies and fruits of grand jury materials. Mr. Garcia-Pages, respondent's counsel, was privy to the grand jury proceedings and materials. Petitioner interprets the order as a requirement that respondent's counsel be replaced and that respondent's knowledge of this case be sanitized from any use of copies or fruits of grand jury materials. Petitioner concludes that respondent's sole course of action is to have new agents and new counsel conduct an independent civil investigation untainted by the fruits of

the grand jury investigation. According to counsel for the estate, the Southern District of Florida has stayed all subpoenas issued by the Government until a showing of particularized need is made independent of prior use of grand jury materials.

Respondent submits that because Kluger is dead and petitioner claims to be an innocent spouse, the only potential sources of evidence are third-party witnesses. Respondent argues that his counsel's use of grand jury materials to identify and subpoena such witnesses constitutes a continued legitimate use and not a new disclosure. See *United States v. John Doe, Inc. I*, 481 U.S. 102 (1987). He interprets the modified rule 6(e) order, which was affirmed by the Second Circuit after the Supreme Court decided *John Doe*, to forbid further disclosure but not further use of grand jury materials. The subpoenas that respondent proposes to issue would not allude to the grand jury and would not disclose the source from which respondent identified the witness. Finally, respondent argues that he is not required, pursuant to the Supreme Court's decision in *Sells*, as explained in *John Doe*, to conduct an entirely new investigation.

In *John Doe*, the Supreme Court held that Justice Department attorneys who conducted a criminal prosecution could continue to use grand jury materials in deciding whether to pursue a civil suit without obtaining an order under rule 6(e) so long as no new disclosure was made. The Court reasoned that a solitary reexamination of material by an attorney who previously had access to it is not a new disclosure. To have a disclosure, "grand jury materials must be disclosed to *someone*." *United States v. John Doe Inc. I*, 481 U.S. at 109, quoting *United States v. Archer-Daniels-Midland Co.*, 785 F.2d 206, 212 (8th Cir. 1986), cert. denied 481 U.S. 1028 (1987).

The Court rejected an argument that use of grand jury materials to prepare a civil complaint per se constitutes disclosure because the complaint is based on information obtained from grand jury materials. Based on the appellate court's finding that the civil complaint "does not quote from or refer to any grand jury transcripts or documents subpoenaed by the grand jury, and does not mention any

witnesses before the grand jury, or even refer to the existence of a grand jury," the Supreme Court held that the hypothetical fear of disclosure was not substantiated by the record. *United States v. John Doe Inc. I,* 481 U.S. at 110. The Court added that even if the Government attorney had used the grand jury materials in preparing the complaint,

Mere "use" of grand jury information in the preparation of a civil complaint would not constitute prohibited disclosure. In this case, for example, one cannot say whether the Government relied at all on the grand jury information. The Government obviously had some evidence of wrongdoing (or at least suspicion) before it convened the grand jury. The general allegations of the civil complaint may well have disclosed nothing that the Government attorneys did not already know before they convened the grand jury, even though the grand jury investigation corroborated the previously known facts. To be sure, the Government's decision to bring a civil action was "based on the evidence obtained in the course of its grand jury testimony," * * * but this does not mean that the complaint disclosed any of that information, or that the Government has no interest in the material unless it actually introduces it or otherwise discloses it at trial. [481 U.S. at 110-111 n.6.]

Finally, the Supreme Court noted, as it had in *Sells,* that the particularized need standard is highly flexible, and the District Court must be given broad discretion in determining whether the need for disclosure outweighs the need for secrecy. *United States v. John Doe, Inc. I,* 481 U.S. at 115-117. Even if all of the grand jury materials could be obtained through civil discovery, the Court concluded that "precedents do not establish a *per se* rule against disclosure." 481 U.S. at 116. The standard set by the Court seems to be that if the threat to grand jury secrecy is minimal compared to the public interest served by use of the information without specific disclosure, the Government should not be required to conduct a new investigation to obtain the requested materials.

The focus of our inquiry in the instant case is whether respondent's proposed review of grand jury materials to identify and subpoena witnesses constitutes a disclosure of grand jury materials. Unlike respondent's counsel and agents in *Hajecate v. Commissioner,* 90 T.C. 280 (1988), who had never had prior access to the grand jury materials at issue (90 T.C. at 290), in this case, respondent's counsel had complete access to the Kluger grand jury materials. It is

clear under the *John Doe* standard that respondent's counsel, who previously had access to the grand jury materials, may review them without violating rule 6(e). His review does not constitute a prohibited disclosure. *United States v. John Doe, Inc. I,* 481 U.S. at 110 n. 6. Mr. Garcia-Pages may review the grand jury materials. He may not, however, use them in such a way as to disclose to any other person who had not had authorized access to the grand jury materials either what took place before the grand jury or any specific document that is "a matter occurring before the grand jury." Whether any documents created outside of the grand jury proceedings are grand jury materials is a question that should be addressed to the Eastern District of New York which supervised the grand jury. It appears that no exceptions have been made for any such documents.

The rule 6(e) order as modified, barring disclosure of grand jury materials and copies and fruits of such materials does not, as petitioner contends, mandate a contrary result. The order bars only further disclosure, not use of copies or fruits of grand jury materials where such use avoids a new disclosure. Moreover, any other interpretation would conflict with the Supreme Court's holding in *John Doe* which had recently been decided when the Second Circuit affirmed the rule 6(e) order.

Petitioner further argues that the Eastern District of New York's prohibition on the disclosure of "fruits" of grand jury materials equates with the "fruit of the poisonous tree doctrine," an extension of the exclusionary rule barring use of evidence derived directly or indirectly from unlawful governmental conduct. See *Nix v. Williams,* 467 U.S. 431 (1984); *Wong Sun v. United States,* 371 U.S. 471 (1963). The "fruit of the poisonous tree" doctrine has been applied in cases involving violations of the Fourth, Fifth, and Sixth Amendments. See *Nix v. Williams, supra.* The primary exception to the doctrine applies to evidence gained from a source independent of the taint caused by the illegal conduct. *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 392 (1920).

An essential prerequisite to the application of the fruit of the poisonous tree doctrine is some unlawful governmental

conduct. In the instant case, there has been no unlawful action. At the time the assistant U.S. attorney obtained the initial rule 6(e) order, *Baggot* and *Sells* had not been decided, and her actions were consistent with then existing law. We have found that respondent's use of the grand jury materials to determine income tax deficiencies was also lawful. The evidence obtained from the grand jury materials never became "tainted" by any illegal action. The fruit of the poisonous tree doctrine has no application here. Further, we again stress that the rule 6(e) order bars only *disclosure* of grand jury materials and copies and fruits of such materials. Respondent's counsel may use the grand jury materials to which he has previously had access without violating the rule 6(e) order provided that he does not disclose the source of his information. Although we have held that respondent may review the grand jury materials to identify witnesses, if he can show an independent source from which he identified a potential witness, respondent can avoid any argument that his use of grand jury materials constitutes a disclosure. Petitioner concedes that respondent may use information that was presented to the grand jury if he can show an independent source for it.

We conclude that Mr. Garcia-Pages may review the grand jury materials to identify and subpoena witnesses. His actions, conversations, correspondence, and subpoenas must not in any way divulge to the witness, the public, or anyone not having had authorized access to the grand jury materials, how or from what source the witness was identified, or the nature or substance of any matter occurring before the grand jury. Further, a subpoena cannot request the witness to provide copies of his testimony before the grand jury. Instead, respondent must depose the witness again. If the witness cannot remember the events of several years ago or is unwilling to cooperate, that would be a factor tending to show particularized need for disclosure of those particular grand jury materials. The Seventh Circuit adopted this approach in *In re Grand Jury Proceedings, Miller Brewing Co.,* finding it "troubling that no showing has been made that the usual channels of discovery have proved fruitless or that they have even been diligently pursued." 687 F.2d 1079, 1092 n. 17 (7th Cir. 1982). Both parties petitioned for

rehearing. The Seventh Circuit granted the Government's motion and reconsidered its opinion in light of the Supreme Court's decision in *United States v. Sells Engineering, Inc.,* 463 U.S. 418 (1983). *In re Grand Jury Proceedings, Miller Brewing Co.,* 717 F.2d 1136 (7th Cir. 1983). The court found that under *Sells,* failure to exhaust the usual discovery channels is a significant factor to be considered in deciding whether the Government has shown particularized need, but not the only factor. The court thus vacated the District Court's denial of disclosure of grand jury transcripts and remanded for reconsideration in light of *Sells.*

Mr. Garcia-Pages also may request copies of documents that may have been presented to the grand jury provided that he does not disclose that the grand jury was the source of his information concerning the documents. Again, if the witness does not have copies or is unwilling to cooperate, this would tend to show particularized need for the grand jury materials. If respondent has reason to believe that a witness is lying or has falsified documents, this may also show particularized need for transcripts of grand jury testimony or the original documents presented to the grand jury to impeach the witness' credibility.

Respondent has sources other than the grand jury from which he can obtain information useful in preparing for trial. Respondent has submitted four affidavits in support of his position that he has already established particularized need for the grand jury materials. The declaration of respondent's counsel states that counsel also represented respondent in the Tax Court trials of two leaders of the "Black Tuna" gang, which imported marijuana to South Florida on a massive scale. Both individuals had been tried and convicted criminally. Respondent's counsel states that witnesses at the criminal trial identified Kluger as a major purchaser of marijuana from the Black Tuna gang. Counsel has not attempted to contact and interview those witnesses for purposes of this case.

Attached to counsel's affidavit is a report of the Drug Enforcement Agency (DEA) investigation into the Black Tuna gang in which Kluger is implicated. The DEA investigation took place before the grand jury commenced its inquiry. The report includes a list of numerous potential

witnesses whom respondent has not contacted in connection with this case.

Respondent also submitted the declaration of Joy Pritts, the Justice Department trial attorney who is the lead attorney for the Government in the case involving the tax liability of Kluger's estate in the Southern District of Florida. In the course of trial preparation, Pritts subpoenaed documents and interviewed witnesses identified through grand jury records and respondent's administrative file, much of which was in turn derived from grand jury materials. While these subpoenas apparently have been stayed, under our reading of *John Doe* Mr. Garcia-Pages may use subpoenas to obtain documents or interview witnesses.

Michael D. Anderson was a revenue agent assigned in 1984 to assist respondent's counsel and Justice Department attorney Pritts in preparing the Kluger cases for trial. He organized the administrative file which contained grand jury materials and contacted witnesses. Many of the documents in the administrative file are originals, and the witnesses he contacted did not have copies. Respondent's counsel must specify his efforts to follow up on these leads or dead-ends.

Finally, respondent submitted the declaration of Charles Rose, Chief of the Narcotics Division in the U.S. Attorney's Office for the Eastern District of New York. Rose reviewed various business records and spoke to the former assistant U.S. attorney who requested the original rule 6(e) order. He states that the grand jury subpoenaed original documents from third parties, many of which were not returned. Again, however, no apparent effort has been made to obtain originals that were returned or copies of the unreturned documents from the third parties.

In addition to the DEA report and the Black Tuna criminal trials, the record of the police investigation into Kluger's murder may provide additional information.

Contrary to his assertion, respondent has not yet shown particularized need for disclosure of the grand jury materials. Identifying potential sources and stating that they are unlikely to be useful does not constitute a showing of particularized need. Respondent may not be required to exhaust all possible civil discovery channels to establish

particularized need. See *United States v. John Doe, Inc. I,* 481 U.S. at 116; *United States v. Sells Engineering, Inc.,* 463 U.S. at 446. He must, however, do more than he has done in this case. Respondent must attempt to interview witnesses and obtain documents. He must follow up leads and explain his fruitless search. Having set forth the guidelines under which respondent may conduct discovery, we will give him 180 days to pursue the evidence. At the end of that period, we will consider the extent to which respondent can demonstrate that he has unsuccessfully tried to gather sufficient evidence to try these cases.

*An appropriate order will be issued.*