ALMA WILHELMINA PETERSEN, INCOMPETENT, ROY R. PETERSEN, GUARDIAN OF THE PERSON AND ESTATE OF ALMA WILHELMINA PETERSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Petersen v. Commissioner
Docket No. 24640-93
United States Tax Court
T.C. Memo 1995-212; 1995 Tax Ct. Memo LEXIS 213; 69 T.C.M. (CCH) 2613; May 17, 1995, Filed *213 Decision will be entered for respondent except as to the additions to tax under sections 6651(a)(1) and 6653(a). For petitioner: Roy R. Petersen, Guardian. For respondent: Franklin R. Hise. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in and additions to the Federal income tax of Alma Wilhelmina Petersen for the years and in the amounts as follows: Additions to Tax Under Section
6653(a)(2)/
Date
Deficiency
6651(a)(1)
6653(a)(1)/(a)(1)(A)
(a)(1)(B)
6654(a)
1983
$ 502   $ 126  $ 25    *
--
1984
2,179
545
109 *
--
1986
974
244
49 *
$ 46   1987
22,651
5,663
1,133 *
1,223
1988
5,345
1,285
267
--
329
* 50 percent of the interest due on the deficiency for tax years 1983, 1984, 1986 and 1987.
All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. Petitioner Alma Wilhelmina Petersen was a resident of Kyle, Texas, at the time the petition herein was filed. She did not file income tax returns for the years 1983, 1984, 1986, 1987, and 1988. *214 After the petition herein was filed, apparently because of petitioner's declining mental and physical health, Roy R. Petersen, her son, was appointed as guardian of her person and estate by the appropriate Texas court, and appears for petitioner herein. Rule 60(c) and (d). In investigating petitioner's tax affairs for the years in question, in the absence of returns or any records from petitioner, respondent attempted to establish the sources and amounts of petitioner's income by using files maintained by respondent concerning payors of income of various types to petitioner. Respondent also attempted to check this information by sending inquiries to the various sources from whom respondent had information that income of some sort had been paid to petitioner. Some of the sources contacted by respondent replied, furnishing pertinent information. Some did not reply, and still others were unable to give complete information because the necessary records maintained by such paying organizations had been lost or destroyed after the lapse of time. Nevertheless, based on the information in respondent's files and the information obtained from various paying sources, respondent constructed *215 a statutory notice of deficiency, in which petitioner was specifically informed of the type and amounts of income from various sources which respondent determined petitioner had received from named entities in the years here in question. Such income, in varying amounts for each year as specified in the statutory notice of deficiency, covered dividends, interest, annuity income, capital gains and losses, rents and royalties, income from stocks and bonds, and, for the years 1987 and 1988, the taxable amount of petitioner's Social Security benefits. At trial herein, respondent put in evidence the testimony of selected custodians of records of various specified income paying entities, identifying the records that they had provided pursuant to respondent's inquiries, and further exhibits were admitted showing the responses obtained by respondent from other lines of inquiry which she had made to third-party payors concerning petitioner's income. Such evidence and such exhibits were admitted herein, not for the purpose of showing truth of the contents thereof, but simply to show the basis for respondent's determination. Such information included records of payment of various types of *216 income to petitioner by disbursing organizations (e.g., interest and dividends), records of receipts by financial and brokerage institutions in which petitioner maintained accounts, and the like. Such records identified petitioner by name, Social Security number, and her then correct address. After the allowance of certain exemptions and deductions, respondent computed a net amount of tax owing from petitioner for the years in question, to which respondent added proposed additions to tax under section 6651(a)(1) (for failure to file a return); under section 6653(a) (for negligence on the part of petitioner); and under section 6654(a) (for failure to make the necessary payments of estimated tax during the taxable year). During the investigatory stages of this case leading up to the issuance of respondent's statutory notice, petitioner provided no information to respondent concerning her income and allowable deductions for the years in question. Petitioner's briefs herein are not easy to follow. They are rambling, discursive, cover a number of alleged facts not in this record, and discuss potential claims that petitioner may have against the Federal Government in connection with *217 other matters totally unrelated to the present case. What does clearly appear, however, is petitioner's view that decision herein should be entered in her favor because respondent has failed to prove that petitioner had any income during the period in question as to which she needed to pay any income tax. This raises the question as to who has the burden of proof in this proceeding. Ordinarily, except in the case of fraud or other issues in which the burden of proof is placed upon respondent, Rule 142, petitioner has the burden of proof as to the determinations that respondent makes in the notice of deficiency. Welch v. Helvering, 290 U.S. 111 (1933); Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. In this connection, the Tax Court will not ordinarily look behind a statutory notice to examine it for the motives or methods which were used by respondent in arriving at the determination of the deficiency. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324 (1974); Abrams v. Commissioner, 82 T.C. 403 (1984). *218 One exception, at least, exists to this general rule: where the Commissioner's statutory notice shows no connection between the taxpayer and the additional income which is determined, or any other rational basis for the Commissioner's determination. Helvering v. Taylor, 293 U.S. 507 (1935); Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977). In such a case, however, the burden of ultimate persuasion does not shift; even if the statutory notice is held to be arbitrarily and unreasonably issued, the burden of going forward with the evidence may shift, but not the ultimate burden of proof, which remains with the taxpayer. Kluger v. Commissioner, 91 T.C. 969, 976-977 (1988); Kluger v. Commissioner, 83 T.C. 309, 310 n. 1 (1984). On the other hand, where the Commissioner uses a rational method to determine the taxpayer's income, and where no adequate records are present, the Commissioner's method will be presumptively correct, and the taxpayer will have the burden to prove the Commissioner's determinations *219 wrong. Denison v. Commissioner, 689 F.2d 771 (8th Cir. 1982), revg. T.C. Memo. 1981-738. Except in unusual cases, the rule of presumptive correctness of the Commissioner's determination and the resulting burden of proof upon the taxpayer is a rule of long standing. Avery v. Commissioner, 122 F.2d 6 (5th Cir. 1927), affg. 5 B.T.A. 872 (1926). The rule does not change because in issuing the statutory notice, the Commissioner did not have access to the taxpayer's records. Where the taxpayer fails or refuses to make the necessary records available to her, the Commissioner's determination of deficiency will not be deemed to be arbitrary and capricious, and the burden of proof will not shift from the taxpayer. Doyal v. Commissioner, 616 F.2d 1191 (10th Cir. 1980), affg. T.C. Memo. 1978-307; Lysek v. Commissioner, T.C. Memo. 1975-293, affd. on another issue 583 F.2d 1088 (9th Cir. 1978); Figueiredo v. Commissioner, 54 T.C. 1508 (1970), *220 affd. in an unpublished order (9th Cir. March 14, 1973); Estate of Mason v. Commissioner, 64 T.C. 651 (1975), affd. 566 F.2d 2 (6th Cir. 1977). This case does not present the situation facing the Court in Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-68, where the Commissioner's determination was based on a single third-party information form of doubtful veracity. Here, the links of petitioner to unreported income were from a number of independent sources, with respect to numerous items, and were not unreasonable, nor were they erroneous on their face. We think it clear, then, that petitioner had the burden of proof to show that respondent's determinations in the statutory notice here were erroneous. What did petitioner do to discharge this burden? At trial herein, petitioner, who was represented by her son and guardian, reluctantly entered into a bare bones stipulation of facts, covering such matters as the fact that he had been appointed petitioner's guardian, that the statutory notice herein was the authentic *221 document that had been issued, and his responses to interrogatories, request for the production for documents, and request for admission, which respondent had made as part of the pretrial preparation process. These stipulated documents reveal that petitioner had provided no information whatever to respondent, but rather denied that any information or records existed from which such information could be obtained, and further denied all requests for admission made by respondent which would have led to the discovery of evidence herein. Finally, petitioner's representative at trial refused to testify, and attempted to call no other witnesses in petitioner's behalf. Faced with this "stonewall" approach by petitioner, we must hold that petitioner has totally failed in her required burden of proof to show any error on the part of respondent in the determination of deficiency herein. To this extent, respondent must be sustained. We turn now to respondent's proposed additions to tax in this case. Section 6651(a) imposes an addition to tax on the taxpayer for failing to file a return or pay a tax "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". *222 Section 6653(a) imposes an addition to tax for the taxpayer's negligence or disregard of rules or regulations, defining the term "negligence" so as to include "any failure to make a reasonable attempt to comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard". Finally, section 6654(a) imposes additions to tax for the taxpayer's failure to make periodic estimated payments of tax as required. With respect to each one of these additions to tax, the burden of proof is on the taxpayer to demonstrate that they should not be applied, Estate of DiRezza v. Commissioner, 78 T.C. 19 (1982) (as to section 6651(a)); Bixby v. Commissioner, 58 T.C. 757 (1972) (as to section 6653(a)); Grosshandler v. Commissioner, 75 T.C. 1 (1,980) (as to section 6654). The record in this case is rather unsatisfactory, but we conclude that, for a taxpayer of the age and in the condition of this petitioner, it would not be proper to impose the additions to tax that are specified in sections 6651(a) and 6653(a), and they are accordingly disapproved. *223 Cf. Huszagh v. D'Amico, 846 F. Supp. 1352 (N.D. Ill. 1994). As to the additions to tax under section 6654(a), however, no relief is available in this case unless the Secretary has determined a waiver of the additions pursuant to section 6654(e)(3), and no such determinations have been made here. These additions to tax must therefore be sustained. Estate of Ruben v. Commissioner, 33 T.C. 1071 (1960). Decision will be entered for respondent except as to the additions to tax under sections 6651(a)(1) and 6653(a).