In the Matter of the Complaint of AS-TARTE SHIPPING COMPANY and Chi Yuen Navigation Co., Ltd., as Owner and Operator, Respectively of the M/V Antacus for Exoneration from Limitation of Liability, Petitioners-Appellants,

v.

ALLIED STEEL & EXPORT SERVICE, et al., Respondents-Appellees.

No. 85–3104.

United States Court of Appeals, Fifth Circuit.

July 11, 1985.

---

Antonio J. Rodriguez, New Orleans, La., and Mark M. Jaffe, New York City, for petitioners-appellants.

Machale A. Miller, New Orleans, La., for Pacific Employers Ins.

J. Francois Allain, Kenneth J. Servay, New Orleans, La.; Michael O. Hardison, Alan Van Pragg, New York City, for Atlantic Lines/Agence/Transocean.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Atlantic Lines, S.A., Atlantic Lines & Navigation Co., Ltd., Agence Maritime Transoceanique, S.A., and Trans Ocean Maritime Agencies, S.A.M., challenge our jurisdiction to entertain this appeal. For the reasons that follow, we agree that this appeal must be dismissed.

The sinking of the M/V ANTACUS in July 1984 resulted in suits being brought both in the Eastern District of Louisiana and the Southern District of New York. In the New York proceedings, certain property of the owners of the ANTACUS was attached pursuant to the non-resident attachment provisions of Supplemental Admiralty Rule B(1). The attachment order was issued January 5, 1985; shortly thereafter the Judicial Panel on Multidistrict Litigation, acting under 28 U.S.C. § 1407(a), transferred the New York cases to the Eastern District of Louisiana. On February 19, 1985, after the transfer, the appellants here filed their notice of appeal of the order permitting the attachment to the United States Court of Appeals for the Second Circuit. This appeal was later dismissed without prejudice to allow them to pursue this appeal to this circuit.

The appellees' advance two lines for argument why this appeal must be dismissed. The first is that because the order in question was entered by the Southern District of New York, an appeal from it must be taken to the Second Circuit. We disagree. The appellees' conception of appellate jurisdiction does not fit into the overall theory of transfer of causes among the federal district courts. First of all, a transfer under section 1407 transfers the action lock, stock, and barrel. The transferee district court has the power and the obligation to modify or rescind any orders in effect in the transferred case which it concludes are incorrect. In addition, when the J.P.M.L. orders a case transferred, the transferor district court is deprived of jurisdiction until the case is returned to it. See, e.g., *General Electric Company v. Byrne*, 611 F.2d 670, 673 (7th Cir.1979). Accepting appellees' argument would place the Second Circuit Court of Appeals in the position of affirming or reversing an order in a case under the sole jurisdiction of a district court in the Fifth Circuit. In sum, we agree with Judge Learned Hand that "[t]he review of any order of the district court in a transferred cause, made before transfer, is within the jurisdiction of the court of appeals of the circuit to which the cause has been transferred...." *Magnetic Engineering and Manufacturing Co. v. Dings*, 178 F.2d 866, 870 (2d Cir.1950). Appellees' reliance on *In re Corrugated Container Anti-trust Litigation*, 620 F.2d 1086 (5th Cir.1980), cert denied sub nom *Adams Extract Co. v. Franey*, 449 U.S. 1102, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981), is unwarranted. In *Corrugated Container*, the Texas district court was acting as a judge of the Southern District of New York under the powers granted by 28 U.S.C. § 1407(b). In that situation, the contempt order appealed was in fact one from a district court in the Southern District of

New York, and hence properly appealable to the Second Circuit. 620 F.2d at 1090–91.

■■■ Appellees' second line of argument, that an order confirming an attachment in admiralty is not among those interlocutory orders appealable as of right, is better supported. This order is clearly not one of those "interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed" which may be appealed as of right under 28 U.S.C. § 1292(a)(3). Section 1292(a)(3) permits interlocutory appeals only when the order appealed from has the effect of ultimately determining the rights and obligations of the parties with regard to the merits of the litigation. See, e.g., *Treasure Salvors v. Unidentified Wrecked and Abandoned Sailing Vessel*, 640 F.2d 560, 564 (5th Cir. 1981); 9 J. Moore and B. Ward, *Moore's Federal Practice*, ¶ 110.19[3]. Despite appellants' protest to the contrary, an order confirming an attachment simply does not fall within this category. Finally, an order confirming an attachment does not fall into the category covered by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). "[Cohen's] application to review of attachments not finally dissolved would make appealable every attachment order." *Constructora Subacuatica Diavaz v. M/V HIRYU*, 718 F.2d 690, 692 (5th Cir.1983).

Appellees' motion to dismiss this appeal is therefore

GRANTED.