In re GRAND JURY PROCEEDINGS
(Henry KLUGER, Deceased).

No. 292, Docket 86-6143.

United States Court of Appeals,
Second Circuit.

Argued Sept. 24, 1986.
Remanded Sept. 26, 1986.
Decided After Remand Aug. 26, 1987.

William A. Whitledge, Tax Div., Dept. of Justice, Washington, D.C. (Reena Raggi, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, Tax Div., Dept. of Justice, Washington, D.C., of counsel), for appellant.

Stanley P. Kaplan, Miami, Fla. (Richard Ware Levitt, New York City, of counsel), for appellee.

Before VAN GRAAFEILAND, MESKILL and NEWMAN, Circuit Judges.

MESKILL, Circuit Judge:

The government appeals from an order entered in the United States District Court for the Eastern District of New York, McLaughlin, J., modifying a previous order entered in the same court by Judge Bramwell under Fed.R.Crim.P. 6(e). Judge Bramwell's order granted to the Internal Revenue Service (IRS) access to grand jury materials for use in a civil tax matter against appellee, the estate of Henry Kluger, and Kluger's widow, Debra Kluger. Judge McLaughlin's modifying order[1] prohibited further disclosure of the grand jury materials and/or copies thereof pending a showing by the government of particularized need for the materials. Judge McLaughlin deferred the particularized need determination to the United States Tax Court and/or the United States District Court for the Southern District of Florida, the courts in which the government will seek to introduce the materials. Judge McLaughlin did not require a particularized need showing when the government seeks to authenticate copies of the materials by showing *in camera* the originals to the trial judge before whom the copies are offered.

## BACKGROUND

In 1981 a federal grand jury sitting in the Eastern District of New York conduct-

---

**1.** Judge McLaughlin's original modifying order is published at 631 F.Supp. 1542 (E.D.N.Y.1986), and was subsequently clarified in an unreported order dated May 12, 1986. On remand, Judge McLaughlin again clarified his order with an order dated November 14, 1986. The cumulative effect of the orders is described in text.

ed a tax and narcotics investigation into the affairs of Henry Kluger. Kluger died in Florida in 1982. On March 29, 1983, Judge Bramwell issued the Rule 6(e) order "for the purposes of determining, establishing, assessing and collecting the Federal civil tax liability of Henry Kluger and his heirs, and for use in any judicial proceeding related thereto."

Approximately three months later the Supreme Court decided *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and *United States v. Baggot,* 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983). Under *Sells* and *Baggot,* the government is required to make a showing of particularized need before gaining access under Fed.R.Crim.P. 6(e) to grand jury materials. *See Sells,* 463 U.S. at 420, 103 S.Ct. at 3136. It is undisputed that Judge Bramwell did not require such a showing before granting the government's application for disclosure under the Rule.

Armed with the grand jury materials, the IRS determined deficiencies in Kluger's income taxes for the years 1976 through 1981. Kluger's widow and his estate currently are contesting the 1979 deficiencies in the tax court. The estate is contesting the government's collection suit, brought in the Southern District of Florida, for the taxes due for the remaining years.

In March 1986 the estate moved the United States District Court for the Eastern District of New York for an order vacating Judge Bramwell's order on the basis that *Sells* and *Baggot* should be applied retroactively to invalidate that order. Judge McLaughlin ruled that although principles of retroactivity did not require *Sells* and *Baggot* to be applied to Judge Bramwell's order, the "better approach" was to condition further disclosure of the grand jury materials on a showing of particularized need,[2] and ordered that the showing be made in the courts in which the materials are offered. The government appeals.

## DISCUSSION

The government contends that the estate lacked standing to contest the validity of Judge Bramwell's order and that Judge McLaughlin erred both in conditioning further disclosure of the materials on a showing of particularized need and in deferring that determination to the courts in which the materials are offered. The estate counters that, as a threshold matter, we lack jurisdiction to review Judge McLaughlin's order.

### A. *Appellate Jurisdiction*

The estate argues that we may not review Judge McLaughlin's order, claiming that it is not final and thus not appealable under 28 U.S.C. § 1291 (1982). For purposes of our analysis, we bifurcate the order into (1) the portion requiring a showing of particularized need before further disclosure may be made of the materials, and (2) the portion deferring the particularized need determination to the tax court and/or the Southern District of Florida, where the tax litigation is pending.

The first portion of the order expressly contemplates further proceedings on the question of continued use in the tax court and/or the Florida district court. As a result, it does not fall squarely within the classic definition of a final order articulated long ago by the Supreme Court in *Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945), because it does not "end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment." *Id.* at 233, 65 S.Ct. at 633.

The ruling, however, *has* ended the litigation in Judge McLaughlin's court. The order "leaves nothing" more for Judge

---

**2.** The Supreme Court has described the particularized need standard as follows:

"Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for contin-

ued secrecy, and that their request is structured to cover only material so needed."

*United States v. John Doe, Inc. I,* — U.S. —, — n. 8, 107 S.Ct. 1656, 1662 n. 8, 95 L.Ed.2d 94 (1987) (quoting *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979)).

McLaughlin to do. As a result, it does possess at least one characteristic of a final order.

The appealability of this first portion of Judge McLaughlin's order is a close question. Courts have identified several factors to be considered in deciding the "slithery, tricky" question whether a particular decision is final for purposes of appealability. *United States v. 243.22 Acres of Land,* 129 F.2d 678, 680 (2d Cir.1942), *cert. denied sub nom. Lambert v. United States,* 317 U.S. 698, 63 S.Ct. 441, 87 L.Ed. 558 (1943). These include whether the appeal might subsequently be rendered moot, whether there is a possibility of self-correction by the judge whose decision is on appeal, whether hearing the appeal risks interrupting an ongoing proceeding, and whether alternatives to immediate review exist. *See* 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure §§ 3907, 3909 (1976 & Supp.1986).

The first factor militates against finality. If the IRS were to prevail by showing particularized need in the tax court or the Southern District of Florida, nothing would have been gained by bringing this appeal. *See Fort v. Roadway Express, Inc.,* 746 F.2d 744, 748 (11th Cir.1984).

The remaining factors, however, suggest that the matter is final for purposes of section 1291. There is no possibility of self-correction by Judge McLaughlin or interruption of his proceedings; as noted above, they are over. *See Cinerama, Inc. v. Sweet Music, S.A.,* 482 F.2d 66, 70 (2d Cir.1973) (among purposes of final judgment rule is to permit self-correction by trial judge); *United States v. Columbia*

*Broadcasting System, Inc.,* 666 F.2d 364, 369 (9th Cir.) ("preventing premature interference" with trial court proceedings is major purpose of finality requirement), *cert. denied sub nom. CBS Inc. v. Columbia Pictures Industries,* 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1329 (1982).

The final factor also favors an immediate appeal. Neither the tax court nor the Eleventh Circuit would have jurisdiction to review Judge McLaughlin's ruling. As to review in the tax court, that court "is purely a creature of statute and has only the power given to it by Congress." *Estate of Smith v. C.I.R.,* 638 F.2d 665, 669 (3d Cir. 1981). Assuming *arguendo* that Congress could constitutionally provide for such review, it has not.

As to review in the Eleventh Circuit, that review likewise is statutory. Specifically, "appeals from reviewable decisions of the district and territorial courts shall be taken to the courts of appeals as follows: (1) From a district court of the United States to the court of appeals for the circuit embracing the district...." 28 U.S.C. § 1294(1) (1982). "It bears emphasis that, as the language of § 1294(1) establishes, the provision applies to all 'reviewable' decisions of the district courts, not only those that are immediately appealable." *Roofing & Sheet Metal Services v. LaQuinta Motor Inns,* 689 F.2d 982, 986 n. 5 (11th Cir.1982) (citing 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 110.01, at 47 (2d ed. 1982)). The Eleventh Circuit, therefore, would not have jurisdiction to review Judge McLaughlin's order, emanating from a district court not "embrac[ed]" by that Circuit, as a final decision.[3] *See id.*

---

3. This case is not like *Astarte Shipping Co. v. Allied Steel & Export Service,* 767 F.2d 86 (5th Cir.1985) (per curiam). There the Fifth Circuit *rejected* the contention that because the attachment order on appeal was entered by the United States District Court for the Southern District of New York, an appeal from it would have to be taken to the Second Circuit. *Id.* at 87. The *Astarte Shipping* Court, quoting Judge Learned Hand, reasoned that " '[t]he review of any order of the district court in a transferred cause, made before transfer, is within the jurisdiction of the court of appeals of the circuit *to which* the cause has been transferred....' " *Id.* (emphasis added) (quoting *Magnetic Engineering & Manu-*

*facturing Co. v. Dings Mfg. Co.,* 178 F.2d 866, 870 (2d Cir.1950)).

*Astarte Shipping* involved a transfer under 28 U.S.C. § 1407(a), by the Judicial Panel on Multidistrict Litigation (J.P.M.L.), of the underlying action after the Southern District of New York had entered the attachment order on appeal in that case. *Id.* A transfer under 28 U.S.C. § 1407 "transfers the action lock, stock, and barrel. The transferee district court has the power and the obligation to modify or rescind any orders in effect in the transferred case which it concludes are incorrect. In addition, when the J.P.M.L. orders a case transferred, the

The absence of alternative methods of review distinguishes the instant case from the principal case cited by the estate, *Baker v. United States Steel Corp.*, 492 F.2d 1074 (2d Cir.1974), in which we held that neither the order of a district court in New York transferring grand jury materials to a district court in Connecticut nor the Connecticut district court's order releasing the materials was appealable. *Id.* at 1078–79. In *Baker* we denied review because "nothing about [the New York district court's] order precludes an ultimate review of the basic underlying issue of whether discovery may be had of the grand jury testimony for use in this civil case." *Id.* at 1078. Unlike *Baker*, there is no possibility of "an ultimate review" here. *Cf. Bermudez v. Smith*, 797 F.2d 108, 110 (2d Cir. 1986) (per curiam) (opportunity for appellate review after final order entered in district court militates against appealability of challenged order). Also, review in *Baker* would have interrupted ongoing proceedings in the Connecticut district court. 492 F.2d at 1077. As noted above, no such interference would result from review here. *Baker*, therefore, is inapposite.

■ Review here of Judge McLaughlin's ruling requiring particularized need would comport with the policies underlying the finality requirement. Moreover, the ruling determined an important issue which dominates this case and is likely to recur in others. Although not "every order that cannot be later reviewed on appeal" is immediately appealable, *D'Ippolito v. American Oil Co.*, 401 F.2d 764, 765 (2d Cir.1968) (per curiam), we conclude that we have jurisdiction to review Judge McLaughlin's ruling that required a showing of particularized need.

■ We reach the opposite conclusion with respect to the portion of Judge McLaughlin's order that deferred the actual determination of particularized need to the tax court and/or the district court in Florida. The deferral is merely a procedural ruling that, unlike the first portion of the order, is neither central to the case at bar nor of such importance that prudential concerns might militate in favor of holding it appealable. We previously have refused to review under 28 U.S.C. § 1291 orders transferring actions, pursuant to 28 U.S.C. § 1404(a), from a district court within this Circuit to a district court outside of this Circuit, *see, e.g., D'Ippolito*, 401 F.2d at 765, and the deferral order before us presents an even less compelling case for review. Therefore, the government's appeal from the deferral portion of the order is dismissed. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 233, 99 S.Ct. 1667, 1680, 60 L.Ed.2d 156 (1979) (Rehnquist, *J.*, concurring) (questioning whether an order of the district court having jurisdiction over grand jury materials that defers the ultimate determination of need to the district court where the civil case is pending "would be appealable").

### B. *Standing*

■ Standing requires a personal stake in the outcome of a controversy adequate to ensure that the controversy will be presented in an adversarial context and will be amenable to judicial resolution. *See Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *Sierra Club v. Morton*, 405 U.S. 727, 731–32, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972). The estate has a personal stake in the controversy to the extent that the IRS's continued use of the materials will likely prejudice the estate in the pending tax litigation. The government contends that the estate lacks standing because its only interest is in impeding the IRS's tax case. However, the estate's interest clearly suffices to ensure adequate presentation of its case. Moreover, this dispute will be re-

transferor district court is deprived of jurisdiction until the case is returned to it." *Id.*

Here, in contrast, Judge McLaughlin made no transfer, but simply deferred to the courts in which the grand jury materials will be offered in evidence the task of determining whether particularized need has been shown. *See Doug-*

*las Oil*, 441 U.S. at 230–31, 99 S.Ct. at 1678–79. Moreover, the Eleventh Circuit, whose likely decision on appealability is the focus of our review, already has rejected Judge Hand's view of transferee court jurisdiction. *Roofing & Sheet Metal Services*, 689 F.2d at 986–87.

solved, one way or the other, by a decision on the government's right to continued use of the grand jury materials. We conclude that the estate is entitled to challenge the Rule 6(e) order. *See Douglas Oil,* 441 U.S. at 218 n. 8, 99 S.Ct. at 1672 n. 8 (party had standing to object to disclosure of grand jury materials where disclosure "to their civil adversaries could result in a substantial injury to them"); *see also Gluck v. United States,* 771 F.2d 750, 755 n. 4 (3d Cir.1985).

## C. *Merits*

### 1. *Scope of Review*

■ Judge Bramwell's order authorizing disclosure to the IRS was never appealed and it therefore ripened into a final judgment. *Bradley v. School Board of City of Richmond,* 416 U.S. 696, 711 n. 14, 94 S.Ct. 2006, 2016 n. 14, 40 L.Ed.2d 476 (1974). The district court's power to modify its own final judgments is rooted in equity and is considered "inherent." *Sierra Club v. United States Army Corps of Engineers,* 732 F.2d 253, 256 (2d Cir.1984); *see United States v. Swift & Co.,* 286 U.S. 106, 114–15, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932). Our review of an exercise of this power is limited to whether the district court abused its discretion. *See In re Disclosure of Grand Jury Material,* 821 F.2d 1290, 1293–94 (7th Cir.1987).

### 2. *Application of Abuse of Discretion Standard*

Judge McLaughlin, after noting that Judge Bramwell had not required a showing of particularized need in granting the government's Rule 6(e) application, *see* 631 F.Supp. at 1542, expressly relied on the rationale of *Sells* and *Baggot.* He wrote:

> "Each day this order remains effective the veil of secrecy is lifted higher by disclosure to additional personnel and by the continued access of those to whom the materials have already been disclosed. We cannot restore the secrecy that has already been lost but we can grant partial relief by preventing further disclosure."

*Id.* at 1543 (quoting *Sells,* 463 U.S. at 422–23 n. 6, 103 S.Ct. at 3137 n. 6).

The government, however, contends that Judge McLaughlin erroneously weighed the equities. The government argues that secrecy interests are no longer important because the grand jury materials already have been released and the grand jury has terminated, that it relied on the materials for three years in preparing for the tax litigation and that the estate had access to the materials for the same period.

■ While we recognize that "the fact that the grand jury ha[s] already terminated mitigates the damage of a possible inadvertent disclosure," *United States v. John Doe, Inc. I,* — U.S. ——, ——, 107 S.Ct. 1656, 1663, 95 L.Ed.2d 94 (1987), the broad disclosure authorized by Judge Bramwell's order unquestionably implicates important secrecy concerns. For example, Judge Bramwell's order does not limit the number of persons to whom the materials may be disclosed. *See id.* Also, the materials are to be used, pursuant to Judge Bramwell's order, in an "actual adversarial proceeding." *Id.* (secrecy concerns grow where government requests disclosure for use in "adversarial proceeding"). Therefore, several of the concerns that prompted the Supreme Court to require a showing of particularized need in these cases are implicated by Judge Bramwell's original order. *See Sells,* 463 U.S. at 432–42, 103 S.Ct. at 3142–47; *see also Doe,* — U.S. at — n. 5, 107 S.Ct. at 1661 n. 5 (listing reasons for grand jury secrecy).

■ Moreover, with respect to the government's claim that it has relied on the materials for over three years, the estate asserts without contradiction that the government knew from the outset that the estate would challenge Judge Bramwell's order if the parties failed to reach a settlement. Therefore, the government's reliance claim carries little weight.

■ Finally, with respect to the government's contention that Judge McLaughlin's modification of the original Rule 6(e) order was somehow inequitable because the estate possessed the materials for the same

time as did the government, it is undisputed that the estate received the materials pursuant to a court-ordered stipulation that the receipt of the materials would not constitute a waiver of any sort. The government's contention in this regard is untenable.

█ The scope of our appellate review in these matters is narrow. *See In re Disclosure of Grand Jury Material*, 821 F.2d at 1293–94. We are unable to conclude that Judge McLaughlin's order transgressed the limits of his discretion. Therefore, we do not disturb that portion of the modifying order conditioning further disclosure of the materials on a showing of particularized need.[4] Assuming, as the government contends, that *Sells* and *Baggot* are not to be applied retroactively to invalidate any disclosure already made, we conclude that Judge McLaughlin had discretion to determine that the order originally issued by Judge Bramwell should no longer have prospective effect. *Cf.* Fed.R. Civ.P. 60(b)(5); *see United States v. (Under Seal)*, 783 F.2d 450, 453–54 (4th Cir. 1986) (Butzner, *J.*, dissenting), *cert. denied sub nom. Raven's Hollow, Ltd. v. United States*, —— U.S. ——, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987).

## CONCLUSION

█ The particularized need portion of the district court's order is affirmed. The government's appeal from the deferral portion of the order is dismissed for lack of appellate jurisdiction.

---

4. The government also contends that, even if a particularized need showing is required, Judge McLaughlin erred in not considering whether its original application to Judge Bramwell would have met the particularized need test. The government failed to raise this contention below and we deem it waived.