468 F.3d 162
 HONEYWELL INTERNATIONAL, INC., Defendant-Appellant,
v.
PUROLATOR PRODUCTS CO., Motor Components, Bam Enterprises, Mark IV Industries, Inc., and Arvinmeritor, Inc., Third-Party Defendants,
v.
James LaForest, Henrietta LaFrinere, Robert Lintz, Ralph Miner, Laverne Spencer, and Irene Wesolowski, Plaintiffs-Appellees.
Docket No. 06-0376-cv.
 United States Court of Appeals, Second Circuit.
 Argued: October 10, 2006.
 Decided: October 19, 2006.
 
 Tamsin J. Newman, Morgan, Lewis & Brockius LLP, New York, N.Y. (Joseph J. Costello, Morgan, Lewis & Brockius LLP, Philadelphia, PA, on the brief), for Appellant.
 William A. Wertheimer, Jr., Bingham Farms, MI, for Appellees.
 Before JACOBS, Chief Judge, WESLEY, HALL, Circuit Judges.
 DENNIS JACOBS, Chief Judge.
 
 
 1
 Defendant Honeywell International, Inc. ("Honeywell") appeals from [i] the order of December 11, 2003, entered by the United States District Court for the Western District of New York (Telesca, J.) granting summary judgment in plaintiffs' favor on the issue of Honeywell's liability under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and [ii] the district court's subsequent entry of a consent judgment pursuant to a settlement agreement on December 21, 2005. The only issue raised for appellate consideration is whether Honeywell can be compelled to pay attorneys' fees. A motion to compel payment of fees is pending in the district court. Honeywell appeals on the ground that the district court erroneously ruled—pre-settlement—that the case arises under ERISA; and Honeywell appeals now to assure that the ERISA ruling (which would be the predicate for a grant of attorneys' fees) is not later deemed the law of the case, or deemed forfeited or waived. For the following reasons, we dismiss the appeal for lack of appellate jurisdiction.
 
 BACKGROUND
 
 2
 The underlying case—now settled—concerned Honeywell's liability to plaintiffs under a 1976 agreement in which Bendix Corporation, a company that was later succeeded by Honeywell, promised "that certain retirees, vested employees, and surviving spouses would retain—for life—the level of health benefits in place at Bendix on April 1, 1976." LaForest v. Former Clean Air Holding Co. ("LaForest I"), 376 F.3d 48, 50 (2d Cir.2004). As a successor to Bendix Corporation, Honeywell is bound by the terms of the agreement. In LaForest I, we affirmed the district court's conclusion that, as a matter of law, Honeywell breached the 1976 agreement in violation of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185.
 
 
 3
 On December 11, 2003, after the district court's decision regarding LMRA liability, but prior to our decision in LaForest I, the district court ruled as a matter of law that "Honeywell breached its obligations under [an] employee welfare benefit plan, and is liable under ERISA for that breach." Following that decision, all parties to the litigation—plaintiffs, Honeywell, and third-party defendants—entered into a settlement agreement resolving all of plaintiffs' substantive claims against all parties. The settlement agreement explicitly preserved the issue of Honeywell's liability for attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1), which provides that a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party" in an ERISA action.
 
 
 4
 On January 4, 2006, plaintiffs filed a motion for attorneys' fees and costs in the district court, a motion that is fully briefed and awaiting decision.
 
 DISCUSSION
 
 5
 Under 28 U.S.C. § 1291, this Court may review a final decision of a district court regarding the merits of a claim despite the fact that a motion for attorneys' fees and costs remains pending in the district court. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). Honeywell ostensibly appeals from the grant of summary judgment on the issue of ERISA liability. However, the parties' subsequent settlement mooted all issues other than plaintiffs' pending motion for attorneys' fees and costs. Accordingly, while Honeywell frames its appeal as a challenge to the ruling on liability, that determination remains vital only insofar as it exposes Honeywell to potential liability for fees and costs under 29 U.S.C. § 1132(g)(1).
 
 
 6
 Honeywell's appeal therefore seeks review of a district court decision solely because it could serve as a predicate for an award of fees and costs. However, we have consistently held that an order awarding attorneys' fees and costs is not an appealable final order until the amount of fees and costs has been set by the district court. Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 86 (2d Cir.1998). Here, the district court has yet to exercise its discretion to determine whether fees or costs will be awarded at all; so a decision by the district court that a fee award is inappropriate in this case would moot the question raised on appeal. See In re Grand Jury Proceedings, 827 F.2d 868, 871 (2d Cir.1987) (stating that potential for mootness favors finding of non-finality). Even assuming that the district court's decision regarding Honeywell's ERISA liability was in error (a question we have not considered), the pending motion for fees and costs would provide the district court with an opportunity for "self-correction." Id. (stating that opportunity for self-correction favors finding of non-finality).
 
 
 7
 Honeywell cannot presently appeal the district court's grant of summary judgment on the issue of ERISA liability alone, because that ruling entailed no decision concerning the remedy for Honeywell's violation, a matter that was ultimately resolved or mooted by the settlement. "An order adjudging liability but leaving the quantum of relief still to be determined has been a classic example of non-finality and non-appealability from the time of Chief Justice Marshall to our own . . . ." Taylor v. Bd. of Educ., 288 F.2d 600, 602 (2d Cir.1961). Accordingly, even were we to view Honeywell's appeal as Honeywell has framed it, it is not an appealable final order under 28 U.S.C. § 1291.
 
 CONCLUSION
 
 8
 For the foregoing reasons, we dismiss the appeal for lack of appellate jurisdiction.