06-5712-cv
LaForest v. Honeywell

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: May 29, 2008                    Decided:  June 18, 2009)

Docket No. 06-5712-cv

- - - - - - - - - - - - - - - - - - - - -X

JAMES LAFOREST, HENRIETTA LAFRINERE, ROBERT LINTZ, RALPH MINER, LAVERNE SPENCER and IRENE WESOLOWSKI,

Plaintiffs-Appellees,

- v. -

HONEYWELL INTERNATIONAL INC.,

Defendant-Third-Party-Plaintiff-Appellant,

MOTOR COMPONENTS, L.L.C., BAM ENTERPRISES INCORPORATED, MARK IV INDUSTRIES, INC., ARVINMERITOR, INC. and PUROLATOR PRODUCTS COMPANY,

Third-Party-Defendants,

FORMER CLEAN AIR HOLDING COMPANY,

Cross-Defendant.

- - - - - - - - - - - - - - - - - - - - - X

Before:    JACOBS, Chief Judge, CALABRESI and SACK, Circuit
           Judges.  Chief Judge Jacobs concurs in part and
           dissents in part in a separate opinion.

           Appeal from a judgment of the United States District

Court for the Western District of New York (Michael A. Telesca,

Judge) granting summary judgment for the plaintiffs on their

ERISA claim, and awarding them an attorney's fee pursuant to 29 U.S.C. § 1132(g). We conclude that because the ERISA claim was subsequently settled along with all the other substantive claims, the parties cannot appeal from the ERISA judgment. We vacate the award of an attorney's fee because it was predicated on an analysis of both the ERISA claim and, erroneously, a separate LMRA claim. We remand for the district court to consider whether an attorney's fee was warranted based solely on the ERISA claim.

WILLIAM A. WERTHEIMER, JR., Bingham Farms, Michigan, for Plaintiffs-Appellees.

JOSEPH J. COSTELLO (Tamsin J. Newman, of counsel), Morgan, Lewis & Bockius LLP, Philadelphia, Pennsylvania, for Defendant-Third-Party-Plaintiff-Appellant.

SACK, Circuit Judge:

The defendant, Honeywell International, Inc., ("Honeywell") appeals from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, Judge) in order to challenge the court's award of an attorney's fee* against it. The underlying action was brought to enforce an employer's 1976 undertaking to guarantee an

---

* "Although the fees sought in this case are for multiple attorneys, we refer to them in the singular possessive, 'attorney's fee[],' because that is the term used by [ERISA, 29 U.S.C. § 1132(g)(1)] in providing for such awards." NAACP v. Town of E. Haven, 259 F.3d 113, 115 n.1 (2d Cir. 2001).

2

undiminished level of benefits to employees of three unionized manufacturing plants that the employer had sold to another company. The employees, now employed by the remote successor of the acquiring company, brought suit against Honeywell in its capacity as a successor to the seller, alleging violations of the Labor Management Relations Act, 29 U.S.C. § 141, et seq., ("LMRA"), the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA"), and contractual rights. In an order that we affirmed in relevant part on a previous appeal, see LaForest v. Former Clean Air Holding Co., 376 F.3d 48 (2d Cir. 2004) ("LaForest I"), the district court entered summary judgment in favor of the plaintiffs under the LMRA. Honeywell eventually complied with that order and the benefit level was secured.

This appeal concerns three orders entered after the district court ruled in plaintiffs' favor under the LMRA: (1) an order dated December 11, 2003, and entered several days thereafter, granting a motion for summary judgment to the plaintiffs on the ERISA claim, LaForest v. Honeywell Int'l, Inc., No. 03 Civ. 6248T (W.D.N.Y. Dec. 15, 2003) (Doc. No. 379) ("LaForest Order I"); (2) a December 21, 2005, consent judgment entered pursuant to a settlement agreement, LaForest v. Honeywell Int'l, Inc., No. 03 Civ. 6248T (W.D.N.Y. Dec. 21, 2005) (Doc. No. 506) ("LaForest Order II"); and (3) a December 1, 2006, order granting the plaintiffs' motion for an attorney's fee, LaForest

3

v. Honeywell Int'l, Inc., No. 03 Civ. 6248T, 2006 WL 3491213, 2006 U.S. Dist. LEXIS 87039 (W.D.N.Y. Dec. 1, 2006) ("LaForest Order III"). Honeywell argues that the district court's December 2003 determination that the case arises under ERISA was erroneous, and that there is therefore no valid predicate judgment upon which to base an attorney's fee award. But because the 2005 settlement encompassed the ERISA claim, and Honeywell reserved only the right to challenge an award of an attorney's fee, Honeywell now has no right to appeal the ERISA judgment. We therefore do not address the merits of the district court's December 2003 determination.

We do, however, review LaForest Order III, the district court's December 2006 order granting an attorney's fee. We conclude that the court erred in basing its fee analysis at least in part on Honeywell's conduct relating to the claim brought under the LMRA. Because the fee award was granted pursuant to a statute permitting fees only for claims arising under ERISA, not the LMRA, we remand for the court to consider whether plaintiffs are entitled to an attorney's fee based solely on their ERISA claim.

**BACKGROUND**

In the underlying lawsuit, now settled, the plaintiffs, once employees of Honeywell's remote predecessor Bendix Corporation, sought to establish Honeywell's liability to the

4

plaintiffs under a 1976 "Guaranty" in which Bendix promised to pay insurance premiums necessary to maintain benefit levels for the members of the plaintiff class if the benefits were ever reduced by a successor employer.  The Guaranty was entered into in connection with the divestiture by Bendix, pursuant to a 1974 consent decree it entered into with the Federal Trade Commission, see LaForest I, 376 F.3d at 50, of three unionized manufacturing facilities.  In order to induce workers at the divested facilities to continue their employment under new ownership, Bendix agreed, in the Guaranty, to preserve their employee welfare and pension benefits for life, at the level in place at Bendix on April 1, 1976, or at a different level subsequently agreed upon between their new employer and the union.  Honeywell -- as a successor of Bendix -- is bound by the terms of the Guaranty.  Honeywell Int'l, Inc. v. Purolator Prods. Co., 468 F.3d 162, 163 (2d Cir. 2006) ("Honeywell").

In 2002, after the ownership of the plants had passed through several hands, the plaintiffs' benefits were reduced during stalled negotiations for a new collective bargaining agreement.  The plaintiffs brought this class action to enforce the Guaranty against Honeywell, asserting a claim under the LMRA, a claim under ERISA, and a claim for promissory estoppel.  In sequential rulings, the district court awarded summary judgment on the plaintiffs' LMRA claim, and issued a preliminary

5

injunction essentially providing the plaintiffs with all the relief they sought. On a previous appeal, we affirmed those rulings. See LaForest I, 376 F.3d at 61.

While the appeal of the LMRA ruling was pending, the plaintiffs moved for summary judgment on their ERISA claim. Honeywell opposed the motion and cross-moved for summary judgment on the grounds that under ERISA (i) the Guaranty is not a "plan," and (ii) Honeywell is not an "employer" or otherwise a proper defendant.

On December 11, 2003, the district court found in the plaintiffs' favor on the ERISA claim. LaForest Order I. The court decided that the defendants' liability, previously established under the LMRA, could have been based, alternatively, on ERISA. Id. at 10-11. The ERISA ruling had no impact on the substantive relief previously granted to the plaintiffs. The district court denied Honeywell's petition to certify the ERISA decision for interlocutory appeal.

After we affirmed the LMRA rulings in LaForest I and remanded that part of the case to the district court for clarification and modification of the preliminary injunction, all parties to the litigation -- the plaintiffs, Honeywell, and the third-party defendants -- entered into a settlement agreement resolving all of the plaintiffs' substantive claims. The settlement agreement explicitly preserved the issue of

6

Honeywell's liability for an attorney's fee and costs pursuant to 29 U.S.C. § 1132(g). On December 21, 2005, the district court approved the settlement agreement and entered a consent judgment dismissing all of the plaintiffs' claims with prejudice. LaForest Order II.

After entry of the consent judgment, the plaintiffs moved for an attorney's fee award pursuant to ERISA. While that motion was pending, Honeywell appealed from the district court's 2003 ERISA liability ruling. We decided that "the parties' subsequent settlement mooted all issues other than plaintiffs' pending motion for attorneys' fees and costs." Honeywell, 468 F.3d at 164. We acknowledged that Honeywell was seeking review of the ERISA ruling in order to prevent it from "serv[ing] as a predicate for an award of fees and costs," id., but declined to exercise jurisdiction because the district court had not yet set the amount of the fees and costs, and the appeal might become moot if the district court decided to award no fees at all, id.

On December 1, 2006, the district court decided that the fee request for $932,878 was excessive, and granted a reduced award of $712,038.01 in fees, together with $38,038.01 in costs. LaForest Order III. This appeal, which combines a second appeal of the ERISA judgment with a first appeal of the attorney's fee award, followed.

7

I

We previously ruled that the parties' settlement of all claims "mooted all issues other than plaintiffs' pending motion for attorneys' fees and costs." Honeywell, 468 F.3d at 164. We therefore declined to address the merits of the district court's grant of summary judgment on the issue of ERISA liability. Id. Insofar as Honeywell argued that we should review the issue of ERISA liability "because it could serve as a predicate for an award of fees and costs," we decided that because the district court at the time had not yet awarded fees or costs, there was no appealable final order addressing the issue. Id.

Because there is now an appealable final order regarding fees and costs, that order is ripe for review. Both parties seem to assume that we can now also review the issue of ERISA liability. We disagree.

"[W]hen a case is settled, 'the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari. . . .'" Microsoft Corp. v. Bristol Tech., Inc., 250 F.3d 152, 154 (2d Cir. 2001) (per curiam) (quoting U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 25 (1994)); see also Long Island Lighting Co. v. Cuomo, 888 F.2d 230, 233 (2d Cir. 1989) ("Such a[] [settlement] agreement clearly renders this case moot."). "Appeal from a

consent judgment is generally unavailable on the ground that the parties are deemed to have waived any objections to matters within the scope of the judgment." New York ex rel. Vacco v. Operation Rescue Nat'l, 80 F.3d 64, 69 (2d Cir. 1996).

In the court-endorsed settlement agreement, the defendants reserved only "their rights, including any rights on appeal, to dispute whether any attorneys' fees or costs are recoverable under 29 U.S.C. § 1132(g), or on any other basis, as well as the number of hours that might be recoverable and the rate(s)." Settlement Agreement ¶ 15.3, LaForest v. Honeywell Int'l, Inc., No. 03 Civ. 6248T (W.D.N.Y. Dec. 21, 2005) (Doc. No. 505). The defendants thus did not expressly preserve the right to appeal the ERISA judgment against them. We agree with the First Circuit: "[F]or a party to consent to a judgment and still preserve his right to appeal, he must reserve that right unequivocally, as it will not be presumed." Coughlin v. Regan, 768 F.2d 468, 470 (1st Cir. 1985).

That the settled ERISA claim may have constituted the predicate to the fee award does not take that claim outside the scope of the consent judgment. We confronted a similar situation in Doyle v. Kamenkowitz, 114 F.3d 371 (2d Cir. 1997). There, the district court granted partial summary judgment for a subset of defendants, entitling them to an award of attorney's fees. Id. at 373. The parties then settled the claims, but expressly

9

preserved the right to appeal a judgment awarding attorney's fees. Id. at 374. The plaintiffs, against whom attorney's fees were assessed, attempted to challenge the underlying orders granting summary judgment that made attorney's fees possible on the theory that those orders "constituted the predicate to the fee judgment, by making the defendant officers prevailing defendants for purposes of recovering fees." Id. (brackets and internal quotation marks omitted). We declined to address the correctness of the underlying summary judgment orders, concluding that "all disputes bearing on the merits of the underlying action were mooted by the Stipulated Order of Dismissal." Id. at 374-75. We reach the same conclusion here.

The parties' arguments are premised on an assumption that de novo review of the ERISA judgment is available. But "[w]ant of jurisdiction . . . may not be cured by consent of the parties." Indus. Addition Ass'n v. Comm'r, 323 U.S. 310, 313 (1945). All disputes regarding the underlying merits of the action have been rendered moot by the settlement. Cf. Agee v. Paramount Commc'ns, Inc., 114 F.3d 395, 398 (2d Cir. 1997) ("Article III of the Constitution limits this Court to consideration of appeals involving a live case or controversy."). Our jurisdiction over this appeal extends only as far as the attorney's fee award. See Doyle, 114 F.3d at 374 (reviewing fee

10

award where settlement agreement "expressly preserved" the issue).

II

A. Attorney's Fee Awards under ERISA; Standard of Review

We review the award of an attorney's fee in an ERISA action for abuse of discretion. Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 450 (2d Cir. 2006). A district court "abuses its discretion if its conclusions are based on an erroneous determination of law, or on a clearly erroneous assessment of the evidence." Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 121 (2d Cir. 2001) (internal quotation marks and citations omitted).

ERISA provides that "[i]n any action [brought under ERISA] . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The determination whether to "allow" an attorney's fee under ERISA requires the court to weigh five factors:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987).

11

B. The District Court's Decision

The district court, invoking the Chambless test, decided that all five factors weighed in favor of granting the plaintiffs' motion for a fee award. The court expressly analyzed only two of the Chambless factors, however: the degree of the offending party's culpability or bad faith and whether a fee award would deter other persons from acting similarly under like circumstances. The court decided that both factors weighed in favor of a fee award, and concluded that the other three factors were not in dispute. LaForest Order III, 2006 WL 3491213, at *2 n.4, 2006 U.S. Dist. LEXIS 87039, at *8 n.4. The court likely elided its written analysis of the other three factors because Honeywell, in its opposition to the motion for an attorney's fee, stated that "if this were an ERISA case, Plaintiffs would be entitled to some sort of fee award." Mem. in Opp'n to Pls.' Mot. for Att'ys' Fees and Costs 10, Laforest v. Honeywell Int'l Inc., No. 03 Civ. 06248T (W.D.N.Y. Jan. 30, 2006) (Doc. No. 514). Honeywell then went on to argue that the district court should nonetheless "decline to award the entire sum requested by Plaintiffs," because "two of the Chambless factors -- culpability and deterrence -- weigh against Plaintiff." Id. In light of this possible concession, the district court, having decided not to revisit its finding that ERISA liability was established, apparently decided that these two factors were the only ones in dispute, and that the three others -- the ability of the

12

offending party to satisfy a fee award, the relative merits of the parties' positions, and whether the action conferred a common benefit on a group of pension plan participants -- were not.

With respect to the culpability factor, the district court found that "[w]hile there [had been] no [prior] specific finding of bad faith or culpable conduct on the part of Honeywell" by the court, Honeywell had "reluctantly complied with the Court's directives."  LaForest Order III, 2006 WL 3491213, at *2, 2006 U.S. Dist. LEXIS 87039, at *9.  "[R]eluctant[]" may be a proper characterization of Honeywell's compliance with the court's orders, pursuant to its LMRA ruling, to provide the level of coverage required under the Guaranty, as evidenced by the injunction forcing Honeywell to comply.  See LaForest I, 376 F.3d 48.  But there is no evidence of which we are aware that Honeywell was reluctant to comply with any subsequent court order relating to the ERISA claim.  It thus appears that the district court based its culpability analysis on the conduct of Honeywell regarding the litigation of the claim against it under the LMRA, a statute that, unlike ERISA, does not provide for an award of an attorney's fee.  If this was what the court did, it was error.  See Chambless, 815 F.2d at 872 (requiring district court to evaluate the five factors with respect to the ERISA claim rather than other claims in the lawsuit).

The district court also found that the deterrence factor weighed in favor of finding that an attorney's fee was

13

justified because "an award of fees may deter defendants that are similarly situated to Honeywell and other plan fiduciaries who do not honor clear and unambiguous contractual obligations because it is not in their economic interest to do so." LaForest Order III, 2006 WL 3491213, at *2, 2006 U.S. Dist. LEXIS 87039, at *9-*10. This appears to be a reference to Honeywell's breach of its contractual obligations under the LMRA. While the court was likely correct that fee awards may deter those who seek to break their contractual obligations in violation of the LMRA, that is beside the point. The question here is whether the award would deter ERISA fiduciaries from unlawful behavior. Rather than looking to Honeywell's behavior with regard to the LMRA, the district court should have analyzed the Chambless deterrence factor with reference solely to the ERISA claim.

### III

For these reasons, we remand for the district court to re-examine and clarify its analysis relating to the culpability factor and the deterrence factor, focusing solely on the ERISA claim.

The other three factors were not addressed by the parties or by the district court. On remand, the district court should decide whether they have effectively been conceded in the plaintiffs' favor by Honeywell, and if not, consider them in the first instance.

14

Finally, we note that our finding in Part I, above, that we must treat ERISA liability as having been established does not necessitate an award of an attorney's fee. Chief Judge Jacobs has not persuaded us, however, by his partial dissent, that on the current record and as a matter of law, an attorney's fee award cannot be justified upon the district court's completion of its re-analysis of the matter applying the Chambless factors in accordance with this opinion.

## CONCLUSION

For the foregoing reasons, we vacate the district court's judgment insofar as it awarded an attorney's fee to the plaintiffs, and remand for the district court to analyze whether an attorney's fee is justified based solely on the ERISA claim.

DENNIS JACOBS, Chief Judge, concurring in part and dissenting in part:

Back in August 2003, the district court decided the substantive issues in this case: the plaintiffs won summary judgment on their claim under the Labor Management Relations Act, 29 U.S.C. § 141, et seq., ("LMRA"), and secured all the benefits they were promised by Honeywell's predecessor-in-interest. We affirmed in July 2004. The parties resolved everything that remained in a settlement agreement approved by the district court in 2005. But it has not been enough for plaintiffs to litigate, and win, under the LMRA. They continue litigating another theory of their complaint, which presents for resolution other and novel legal questions, solely to obtain the same relief, secured years earlier, under a statute that provides for an attorney's fee (the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., ("ERISA")). This is the eternal afterlife of litigation.

I join the Court's decision except insofar as the majority is remanding for the district court to determine whether an award of an attorney's fee is appropriate. I would simply reverse the award of fees, on the ground that

the district court committed clear error in its analysis of the factors listed in Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987), and that a proper consideration of those factors forecloses any award of fees. Specifically, remand is unnecessary because plaintiffs cannot carry their burden of establishing that the merits-based factors weigh in their favor. Because I would reverse the district court's award of an attorney's fee, I respectfully dissent from section III of the Court's decision, and the mandate.

Of the five Chambless factors, just one (ability to pay) militates in favor of a fee award:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

Chambless, 815 F.2d at 871. I consider the remaining factors one by one.

## I. Culpability or Bad Faith

The district court conceded that its prior decisions made "no specific finding of bad faith or culpable conduct

2

on the part of Honeywell." LaForest v. Honeywell Int'l, Inc., No. 03 Civ. 6248T, 2006 WL 3491213, at *2, 2006 U.S. Dist. LEXIS 87039, at *9 (W.D.N.Y. Dec. 1, 2006) ("LaForest Order"). It nonetheless found that this factor weighed in plaintiffs' favor because Honeywell complied "reluctantly" with the court's orders, which pertained to the LMRA claim, as manifested by Honeywell's continuing to litigate, after issuance of the LMRA judgment, how to structure the relief sought. But we have never held that mounting a defense rises to the level of culpable conduct under Chambless. Cf. United States v. Seltzer, 227 F.3d 36, 40 (2d Cir. 2000) (observing that "zealous advocacy," absent bad faith, is insufficient for imposition of sanctions against attorney).

Moreover (as explained in the Court's opinion), the district court based its culpability analysis on Honeywell's conduct in litigating the LMRA claim, a statute that does not provide for the award of attorneys' fees. The district court made no finding of culpability or bad faith in connection with the ERISA claim. The majority elects to remand to permit the district court to clarify its position on this issue. I believe that remand is gratuitous because Honeywell manifestly acted in good faith when it took the

3

position (justified by our precedents) that plaintiffs failed to state a cognizable ERISA claim. See Salovaara v. Eckert, 222 F.3d 19, 29-30 (2d Cir. 2000) (declining to find bad faith against party whose reading of ERISA statute was neither "frivolous" nor "entirely devoid of merit"). It is in fact very difficult to say what the ERISA claim here may be, considering the lively questions as to whether the Guaranty is an ERISA plan, see Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11 (1987), and whether Honeywell is an ERISA employer, see Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561, 575-76 (2d Cir. 1995). The district court clearly erred in weighing this factor in plaintiffs' favor.

## II. Deterrence

The district court found that a fee award would be useful deterrence for Honeywell and others similarly situated "who do not honor clear and unambiguous contractual obligations because it is not in their economic interest to do so." LaForest Order, 2006 WL 3491213, at *2, 2006 U.S. Dist. LEXIS 87039, at *10. Here again, the district court erroneously considered the deterrent influence of an ERISA fee award on acts taken in the context of the LMRA claim.

4

The district court made no findings of deterrent value in connection with the ERISA claim.

It is hard to see why Honeywell (or persons similarly situated) should be deterred from litigating an ERISA claim (such as plaintiffs') that is of such dubious merit. Moreover, "it is unlikely that [an ERISA fee] award would deter others from similar conduct [where] the defendant had a colorable defense to the plaintiff's cause of action." Leyda v. AlliedSignal, Inc., 322 F.3d 199, 210 (2d Cir. 2003) (internal quotation marks omitted). "[T]here was no reason to infer that an award of fees would have any greater deterrent effect than that resulting from the imposition of liability . . . ." Id. at 211.

In view of the strength of Honeywell's defenses to the ERISA claim, no effective deterrence would be achieved by a fee award; indeed, there is no reason to wish that the assertion of strong defenses should be suppressed. This factor weighs against an award of fees.

### III. Relative Merits

The district court did not explain why the relative merits militated in favor of a fee award, apparently assuming that this Chambless factor favored plaintiffs in

5

view of the pre-settlement ERISA liability ruling.  This assumption was error.

Throughout this litigation, Honeywell has vigorously contested whether the Gauranty of benefits given by its predecessor-in-interest constitutes an employee welfare benefit plan.  On appeal after the district court granted summary judgment in favor of plaintiffs on the ERISA claim, we concluded that Honeywell's obligation under the Guaranty was an "ordinary contractual promise" to "guarantee" stable benefit levels by paying insurance premiums if the employees' benefits fell below a certain level.  See LaForest v. Former Clean Air Holding Co., 376 F.3d 48, 53 (2d Cir. 2004).  It is difficult to reconcile this finding with the conclusion that Honeywell is an "employer" for purposes of ERISA.  See Greenblatt, 68 F.3d at 575-76 (holding that a surety does not become an employer based on its contractual obligation to "guarantee[] an employer's ERISA obligations").

In its decision granting an attorney's fee, the district court declined to reconsider the very good question of whether "this is an ERISA" case.  That refusal was justified insofar as Honeywell waived the right to

6

relitigate the order granting summary judgment under ERISA. See Maj. Op. at 9-10 (citing <u>Doyle v. Kamenkowitz</u>, 114 F.3d 371 (2d Cir. 1997)). But the district court was not deprived of the opportunity--or relieved of the obligation--to assess the strength of the parties' arguments in weighing the "relative merits" <u>Chambless</u> factor. We stated in a prior decision in this case that if "the district court's decision regarding Honeywell's ERISA liability was in error . . ., the pending motion for fees and costs would provide the district court with an opportunity for 'self-correction.'" See <u>Honeywell Int'l, Inc. v. Purolator Prods. Co.</u>, 468 F.3d 162, 164 (2d Cir. 2006) (quoting <u>In re Grand Jury Proceedings</u>, 827 F.2d 868, 871 (2d Cir. 1987)).

Viewed indulgently, this factor presents a close question. But a close question is insufficient to justify a fee award, because the remaining factors weigh heavily in Honeywell's favor.

### IV. Common Benefit

The district court also failed to explain its analysis of common benefit, again assuming that this factor favored plaintiffs. But that assumption depends on finding that the ERISA claim "conferred a common benefit on a group of pension plan participants." <u>Chambless</u>, 815 F.2d at 871.

7

Because plaintiffs already won the relief they sought when they prevailed on the LMRA claim, the ERISA claim conferred no incremental benefit whatsoever. It is undisputed, as this Court observed in a previous ruling in this case, that the parties continued to litigate the ERISA claim "solely because it could serve as a predicate for an award of fees and costs." See Honeywell Int'l, 468 F.3d at 164.

Nor can it be argued that the ERISA claim conferred a common benefit by motivating the settlement: (a) the settlement was concluded only after the LMRA rulings were affirmed by this Court; (b) Honeywell brought this appeal to challenge the ERISA ruling, and plaintiffs joined issue on the merits, evidencing the parties' belief (though mistaken) that the ERISA issue remained open; and (c) it is conceded on appeal that (were the issue justiciable) reversal of the ERISA judgment would not affect the relief provided to plaintiffs in the settlement. Thus, the common benefit factor in the Chambless analysis weighs decisively against an award of fees to plaintiffs.

\* \* \*

As the district court's assessment of the Chambless factors was clearly erroneous, an award of fees to plaintiffs was an abuse of discretion. Remand is not

8

indicated because in any event the plaintiffs would be unable to sustain their burden of establishing that the merits-based <u>Chambless</u> factors weigh in their favor <u>in connection with the ERISA claim</u>. See <u>Savoie v. Merchants Bank</u>, 166 F.3d 456, 463 (2d Cir. 1999) ("[T]he party seeking fees . . . bore the burden of establishing entitlement to an award . . . ." (internal quotation marks omitted)). I would reverse the award of an attorney's fee.